CALEDONIA,
March,
1838.

THEOPHILUS DREW *v.* SALMA DAVIS *et al.*

Where a tax is assessed by the selectmen of a town, under a vote of such town, to raise money for an object not within their corporate powers, such tax is illegal and void, and the selectmen are liable for property distrained and sold in satisfaction of such tax.

And if other taxes, legal in themselves, are blended and incorporated with such illegal tax, the whole are uncollectable, and the selectmen are liable for the full value of the property distrained and sold, without deduction for the legal portion of such taxes.

TRESPASS for taking two cows. The defendants were selectmen of the town of Danville for the year 1834, and, in their official capacity, assessed the town taxes for that year. In the assessment was included a sum which the town had voted for the purpose of building a jail in said town. The plaintiff, who was a rateable inhabitant of Danville, was assessed his proportion of said tax. The tax-bill, with an accompanying warrant, was placed in the hands of the constable of said town for collection, who, upon the plaintiff's refusal to pay his tax, distrained and sold the cows in question, to satisfy said tax and the costs thereon. This court, having determined, at the March term, 1836, in this county, in another case against these same defendants, (not reported) that the said vote of the town was illegal and void and that trespass would lie against the selectmen for property distrained for the collection of a tax, in all respects, like the present, the defendants, in this case, were defaulted, under an agreement that the county court should assess the damages. It was agreed that, of the plaintiff's whole tax, amounting to $18,80, the sum of $15,39, part of said tax, was legally assessed; that the balance of $3,41 was assessed under the vote for raising money to build the jail, and that, if the county court should be of opinion that that portion of the tax, which was confessedly legal, ought to be deducted from the value of the cows, which was agreed at $40, then judgment was to be entered up, for the plaintiff for the balance; but if said court should be of opinion that no such deduction could or ought to be made, then the damages were to be assessed at $40.— The county court assessed the damages at $40, and the defendant excepted.

*C. Davis,* for defendants.

It is fully settled that the damages may fall below the val-

ue of the property taken and disposed of. In the case of *Lamb* v. *Day et al.* 8 Vt. R. 407, where the defendants had made themselves trespassers, *ab initio,* by using a horse, which they had attached, the amount, produced by a sale of the horse on execution, was directed to be deducted from the damages,because so much was applied to the plaintiff's benefit. This case is perfectly analogous to that. The plaintiff, in justice and right, as much owed his legal proportion of taxes, as in that case he owed the debt. 5 C. & P. 332. 6 Mass. R. 20. 1 N. H. R. 91. 13 Mass R. 272. *Irish v* *Clayes et al.* 8 Vt. R. 30.

*E. Paddock,* for plaintiff.

The assessment was void, *in toto,* by blending that part, which was legal, with what was illegal. *Stetson* v. *Kempton et al.* 13 Mass. R. 272. *Bangs* v. *Snow et al.* 1 do. 181. *Dillingham* v. *Snow et al.* 5 do. 547. *Libby* v. *Burnham et al.* 15 do. 144.

The opinion of the Court was delivered by

PHELPS, J.—The only question reserved in this case is, as to the rule of assessing damages ;—the plaintiff insisting that he is entitled to the value of the property taken, at all events, and the defendants claiming a deduction for the amount of the legal tax satisfied by the distress.

The defendants rely on the case of *Lamb* v. *Day,* 8 Vt. R. 407. In that case the judgment and execution were regular and valid, and there was, beyond question, a valid subsisting debt. There was nothing irregular in the levy or sale, which, aside from the unlawful use of the horse taken in execution, would defeat the levy, or prevent a satisfaction. Yet, upon technical principles, the attaching creditor and the officer were held trespassers, *ab initio,* by such using. Still the technical view of the case, taken by the court, did not alter the nature of the injury, nor the substantial ground of complaint, which was, not that the taking was in itself unlawful, or that the property had not been applied in satisfaction of a just debt, but that the defendant had unlawfully put the horse to service. This being the case, the party's damages did not necessarily include the value of the horse, but were such in reality, as the party had suffered by the unlaw-

ful act complained of. At the same time, it by no means fol-lowed that the recovery in trespass would, of course, revive the judgment debt. Whether it would have that effect or not, de-pended upon the rule of damages which the court might adopt in the trespass suit. Under these circumstances, the course taken by the court was not only just and proper in itself, but prevented a circuity of action ; for had the court given the full value of the property, that circumstance would have entitled the defendant to revive his judgment by *scire facias* or to enforce it by action of debt, and to recover again from the plaintiff a part of the damages thus given. The court would not, unless compelled to do so, render such a judgment as would, of itself, lay the foundation of a counter action, and entitle the unsuccessful party to recover back, in another form, a part of the money paid under the judgment.

In the present case, the court held the whole proceeding in relation to the tax to be illegal and void. Had the illegal portion of the tax been laid and assessed as a distinct tax, there would have been no difficulty in enforcing other taxes, lawfully laid ; but, unfortunately, the tax, laid for an object not within the corporate purposes or powers of the town, and which the corporation could not legally impose, was blended, in the outset, by the vote creating it, with taxes for legitimate purposes, and was so assessed. It was impossible for the court to discriminate between that portion of the tax, which could be legally laid and that which could not. Hence the whole proceeding was declared void, and the whole matter rested where it would have done, had no vote been taken imposing a tax for any purpose.

There was therefore no debt of the plaintiff to be satis-fied ;—no subsisting legal obligation to be discharged ;—but the case was the same, as if the plaintiff's property had been taken without process and without any legal purpose. The distinction, then, between the case of *Lamb* v. *Day* and this is, that, in the former case, there was a legal debt satis-fied, and the plaintiff had thus far the benefit of the proper-ty. In this case, there being no debt to be satisfied, the appli-cation of the property upon the illegal and void tax was no benefit to the party. The rule of damages, therefore, must be the value of the property.

The case of *Irish* v. *Clayes et al.* 8 Vt. R. 30, is analogous to *Lamb* v. *Day.* It was an action of trover, and the evidence of a conversion consisted in a demand and refusal. Subsequently to the demand, the chattels were seized by a third person, a collector of taxes, and were regularly disposed of to satisfy the tax. The plaintiff having thus received the benefit of the property, in satisfaction of his own debt, the court held him entitled to nominal damages only.

Judgment affirmed.