WILLIAM S. GREENOUGH & others *vs.* INHABITANTS OF WAKEFIELD.

Middlesex. Jan. 13. — July 29, 1879. COLT & SOULE, JJ., absent.

Under the Gen. Sts. *c.* 24, the vote of a town, having a fire department duly established, to appropriate a certain sum for the purpose of paying the members of a private organization, who have not been appointed enginemen under § 14 or § 15, for services rendered to the town as enginemen for the preceding year, is *ultra vires* and void.

BILL IN EQUITY, filed June 5, 1878, by twelve taxable inhabitants of the town of Wakefield, for an injunction to restrain the defendant from paying the sum of $650 to the C. Wakefield Engine Company, according to a vote of the town.

Hearing before *Morton*, J., who reserved for the consideration of the full court the question whether, upon the facts, which

are stated in the opinion, the town could legally pass such vote. If it could, the injunction was to be dissolved and the bill dismissed; otherwise, the injunction was to be made perpetual.

*S. K. Hamilton*, for the plaintiffs.

*E. A. Upton*, for the defendant.

MORTON, J. It appears by the report that the " C. Wakefield Engine Company " is a private organization, owning an engine in the town of Wakefield; that the town has a fire department duly established; that, in May 1877, the company applied to the engineers to have the members appointed enginemen; that the engineers declined to appoint them; that the company kept up its organization and turned out at fires during the year from May 1, 1877, to May 1, 1878, rendering the same service as the other engine companies in the town; and that on June 3, 1878, at a meeting of the town duly called, it was "voted, that the town appropriate the sum of six hundred and fifty dollars for the purpose of paying the C. Wakefield Engine Company."

The question in this case is as to the legal power of the town to pass such vote. It is clear that the purpose of the vote was to pay the members of the company for their services as enginemen for the year just past.

The Gen. Sts. *c.* 24, contain a carefully prepared system for the protection of the inhabitants of towns from fire. Under it, towns may raise and appropriate money for the purpose of procuring engines, fire apparatus and engine-houses, and of paying enginemen duly appointed a reasonable compensation for their services. *Allen* v. *Taunton*, 19 Pick. 485. In towns which, like the town of Wakefield, have established a fire department, the selectmen are required, in the month of April of each year, to appoint a suitable number of engineers, who have all the powers of firewards, and who alone have the power and duty of appointing enginemen. In performing this duty the engineers act as public officers, and are not responsible to, or subject to the direction of, the town.

In cases, like the one we are dealing with, where the proprietors of an engine apply for that purpose, the engineers may appoint enginemen for such engine, with the same privileges and subject to the same regulations as if the engine belonged to the town; and, if the engineers refuse, the proprietors may apply,

in the nature of an appeal, not to the town, but to the county commissioners, who, upon a hearing, may revise the action of the engineers, and appoint enginemen for such engine, who will have all the privileges and exemptions of other enginemen. · Gen. Sts. *c.* 24, §§ 14, 15, 16. The statute further provides, that persons appointed enginemen, who have done duty as such for one year preceding the first day of May in any year, shall be entitled to receive from the treasurer of the town a sum equal to the poll tax paid by them, or by their parents, masters or guardians, " and such further compensation as the town determines." §§ 18, 19, 20.

By these provisions, the engineers act independently of the town, and the enginemen are entitled to receive their compensation equal to their poll taxes, upon the certificates of the chief engineer and foreman of the company, without any action of the town. The town has no right to appoint enginemen, nor to refuse to pay those duly appointed by the engineers. The only provision which gives the town any power in the matter is the provision that the enginemen shall receive, in addition to the amount of their poll taxes, "such further compensation as the town determines." This necessarily implies that the town may raise and appropriate money for the purpose of paying such increased compensation. But this power is limited to raising and appropriating money for further compensation to "persons appointed enginemen or members of the fire department," "who have done duty as such" for the preceding year. It cannot be extended to authorize the town to vote money to persons who are not enginemen or members of the fire department, though they may have rendered useful services at fires. A town can raise money only for the purposes which are authorized by the statutes. We are of opinion that no statute, directly or by implication, authorized the town of Wakefield to pass the vote in question; and, therefore, that it was *ultra vires* and void.

The defendant relies upon the case of *Friend* v. *Gilbert*, 108 Mass. 408. In that case, the vote of the town was upheld, because the town had by law the unlimited power of dealing with the subject-matter of building and paying for a town-house, and therefore, as an incident of this power, might vote to make a just compensation to a person who had worked on the build·

ing, though it exceeded the amount it could be compelled to pay under its contract with the builder. The power to build in- cluded the power to make contracts and to annul, waive, alter or disregard them.

If the statutes had made no provisions for the appointment of enginemen and the payment of compensation to them, it might be argued that, as an incident of the general power to protect its inhabitants from fire, a town would have the power to appoint enginemen, and to vote them a reasonable compensation. But, as the statutes have dealt with the subject-matter, and have given to towns only the limited power to make compensation to engine- men appointed by an independent authority, it cannot be held that, as an incident of this limited power, a town can appoint enginemen, or vote compensation to persons as enginemen, who have not been appointed as such by the proper authority. We are of opinion that the cases are distinguishable.

*Injunction made perpetual.*