LARKIN THORNDIKE *vs.* INHABITANTS OF CAMDEN.

Knox. Opinion June 26, 1889.

*Town. Taxing powers. Public officers. Illegal vote.*

The plaintiff was collector of taxes in the defendant town for the year 1873, and as such collector had a proper warrant to collect a tax legally assessed against a party liable to taxation. He made no effort to collect the tax in money, but took a note of the party instead, and accounted to the town treasurer for it as money. The note was not paid, and twelve years afterward the town voted to refund to the plaintiff nearly all of the tax so assessed and paid to the town but never collected,—the same to be raised by assessment. In an action upon a vote of the town, *held,* that the town can not impose a tax for such a purpose; that the claim is that of a public officer to be compensated for a loss suffered by his neglect of a public duty; and

that it is not incident to or connected with the exercise, by the town, of its legal powers.

The tax was assessed to "D. Knowlton & Co.," by whom the note was given and who afterward became insolvent. It was claimed that there was no such person, and that the property meant to be taxed belonged to and was in the name of a corporation, "D. Knowlton Company." *Held*, that the variation was in the name of the same party, and too slight to raise a question of identity.

EXCEPTIONS, on facts agreed.

Action of assumpsit,. on account annexed. The case was referred to the court, the right to except being reserved; and it ruled that the plaintiff was entitled to judgment for three hundred and twenty-seven dollars with interest from January 1, 1886. Defendants excepted to the ruling.

The agreed statement of facts is as follows :—

"This is an action for the recovery of an amount voted by the town to be paid to the plaintiff and interest on same.

It is agreed that plaintiff was collector of taxes of said town for the year 1873, and that among the various taxes entrusted to him for collection for that year was one against D. Knowlton & Co. amounting to more than three hundred dollars; that he failed to collect of them a portion of said tax, amounting to three hundred and sixteen and 6-100 dollars, except to take the note of said D. Knowlton and Co. running to himself; that said note was never paid to him, or any part thereof, owing to the insolvency of said D. Knowlton & Co.; that the plaintiff supposing said note to be collectible paid the amount of the same into the town treasurer for the said town of Camden; that he did not, as collector, attempt to enforce any portion of said tax against the real estate of said company, as the tax was assessed to D. Knowlton & Co. while the property meant to be taxed belonged to and was in the name of D. Knowlton Company, a corporation, there being no such party as D. Knowlton & Co.; that in 1885, at the annual meeting of said defendant town, on an article of the following tenor, to wit:

'Art. 31st. To see if the town will vote to refund to Larkin Thorndike so much of the tax assessed to D. Knowlton & Co. in 1873 as was paid to the town but never collected, amt. to three

hundred sixteen dollars and six cents and interest on same, also what sum of money they will vote to raise to pay the same,' it was voted as follows:

'Art. 31st. Voted that the selectmen be authorized to pay Larkin Thorndike the sum of three hundred dollars ($300), the same to be raised by assessment'; that this sum was early in the year 1885 demanded of the selectmen of said town but has never been paid to the plaintiff, nor assessed by said town. Luke Upham protested against the payment of said sum which was recorded. The taxes on the property of D. Knowlton Company, corporation, for years 1872 and 1877 were assessed in the name of D. Knowlton & Co. and paid to collector."

*J. H. Montgomery*, for plaintiff.

The court found for the plaintiff and assessed the damages. There were no controverted points of law upon which the court was required to rule. It was simply questions of fact. These were settled in favor of the plaintiff and are conclusive. No exceptions: *Curtis* v. *Downes*, 56 Maine, 24; *McCarthy* v. *Mansfield*, 56 Maine, 538; *Treat* v. *Gilmore*, 49 Maine, 34; *Berry* v. *Johnson*, 53 Maine, 401; *Keen* v. *Jordan*, 53 Maine, 144.

The only objection made to the maintenance of this action is the consideration for the vote of the town.

"Growing out of its authority to create debts and incur liabilities, a municipal corporation has power to settle disputed claims against it and an agreement to pay these is not void for want of consideration." Dillon Mun. Corp. § 477.

"A vote by a town is in law a promise express, and if there be a consideration it is a foundation for an action." *Nelson* v. *Milford*, 7 Pick. 18, 25.

The plaintiff in this case was collector of taxes for defendant town, having a tax for collection, the legality of the assessment of which was questionable, by not having properly designated the owner of the property taxed. The note taken by the plaintiff was not collectible for two reasons.

(1st.) The insolvency of the company.

(2d.) Because there was no such party as D. Knowlton & Co.

The collector paid the amount of the tax, thus improperly assessed, or a large portion of it into the town, without a clear and definite idea of what were his legal rights and duties. The assessment of the tax and the insolvency of the assessed, and the general complications of the affair were not apparent to the town officers or the plaintiff, at the time the money was paid in. The town saw this state of affairs and voted to relieve the plaintiff. The consideration is sufficient and binds the town. *Nelson* v. *Milford*, 7 Pick. 18, 25 ; *Bean* v. *Jay*, 23 Maine, 117, 121.

*T. R. Simonton, T. A. Hunt*, with him, for defendants.

Defendants had no authority to make the alleged contract, or raise money for such a purpose. Specific purposes for which they can raise money. R. S., c. 3, § 46. It was a gift to the plaintiff. The vote exceeded the rights vested in towns, to assess and collect money, and subject to injunction. *Dyar* v. *Farmington Village Corp.*, 70 Maine, 515, 522. Had the tax been assessed, any inhabitant, obliged to pay his proportional part, could have recovered it back with interest at 25 per cent. R. S., c. 6, § 142. Vote unconstitutional. Otherwise, such votes might be continued "until the whole property, held by citizens of the town, had passed into and out of the treasury, until the equalization of property had been effected." *Allen* v. *Jay*, 60 Maine, 124. The constitution gives no authority to raise money to give away. *Perkins* v. *Milford*, 59 Maine, 315, 318.

EMERY, J. This case is presented by the defendants' exceptions to the ruling of the presiding justice awarding judgment for plaintiff on an agreed statement of facts. In submitting a case upon an agreed statement, the plaintiff has the burden of stating all the facts necessary for the maintenance of his action. He must not depend on inferences. Omissions will be construed against him.

In this case, we must assume that the plaintiff was the duly elected and qualified collector of taxes in the defendant town for the year 1873 ;—that he had a legal and sufficient warrant to collect a tax of $316, legally assessed against a party liable to taxation in said town, and styled in the warrant, "D. Knowlton & Co." ;—that he made no effort to collect said tax farther than to

illegally permit them to give their note instead of the money for their tax;—that he took the note as money, and accounted for it as money to the town treasurer;—that twelve years afterward, in 1885, the note not having been paid, the town voted under proper articles in the warrant to pay him $300 in consideration of the premises, the said sum to be raised by assessment.

Has the town the power to impose a tax for such a purpose? Clearly not, unless the plaintiff's claim is incident to, or connected with, the exercise by the town of its legal powers. A town is not a business or a charitable corporation. It is simply a political organization, created as a convenient agent for the performance of certain governmental duties and purposes. Its powers are almost entirely political, and are properly limited to its duties. It has only such control over the citizen, and his money or property, as is expressly granted to it, or is necessary to the performance of its duty to the public. Indeed, a town is only a trustee for the public. It does not own the money in its treasury, nor the municipal property generally, but only holds them in trust for the public, and subject to public control through the legislature. *Dillon Mun. Corp.* 61; *Meriwether* v. *Garrett*, 102 U. S. 472.

The narrow limit of the taxing power of a town, and of its power over money paid into its treasury from other sources than town taxes, is illustrated by many decided cases. In the absence of a special statute, a town cannot raise money for purposes of local defense against an invading enemy. *Stetson* v. *Kempton*, 13 Mass. 272. Nor to build places of amusement for its inhabitants. *Ibid.* Nor to abate taxes. *Cooley* v. *Granville*, 10 Cush. 56. Nor to celebrate an anniversary. *Tash* v. *Adams*, 10 Cush. 252. Not even "Fourth of July." *Hood* v. *Lynn*, 1 Allen, 103. Nor to provide uniforms for a local military company. *Claflin* v. *Hopkinton*, 4 Gray, 502. Nor to obtain a city or town charter. *Frost* v. *Belmont*, 6 Allen, 152. Nor to oppose division of the town. *Coolidge* v. *Brookline*, 114 Mass. 592. *Westbrook* v. *Deering*, 63 Maine, 231. Nor to pay a private fire company. *Greenough* v. *Wakefield*, 127 Mass. 275. Nor to build a court house. *Bachelder* v. *Epping*, 28 N. H. 354. Nor to build a county jail. *Drew* v. *Davis*, 10 Vt. 506. Nor to build a bridge in another

town. *Concord* v. *Boscawen*, 17 N. H. 465. Nor to aid a private cemetery association. *Luques* v. *Dresden*, 77 Maine, 186. It can not divide among its inhabitants money received from the state. *Hooper* v. *Emery*, 14 Maine, 375. Nor assess a tax to pay back money voluntarily paid into its treasury, to aid in relieving the town from military draft. *Perkins* v. *Milford*, 59 Maine, 315.

Within its sphere, a town may exercise some discretion as to what claims to pay, or to contest. In the matter of schools, roads, paupers, fire engines, town houses, &c., matters which towns are created to care for, the town may determine what claims on these accounts it will pay. The claim in suit, however, arises out of matters which are not entrusted to the control of town meetings. It concerns the collection of public taxes. The statute (R. S., c. 3, § 46) empowers a town to raise money for specified purposes, —that is, to fix and order by vote the amount to be assessed and collected for proper town charges,—but there the discretionary power of the town seems to end. The statute gives it no control over the assessment or collection of any taxes. It is true, the statute requires the town to appoint the assessors and collectors of all state, county and town taxes to be levied within its territory, but the town does this as the political agent of the state. The appointment could have been entrusted to any other agency. These officers are not corporate agents. They are public officers, owing to the public and not to the town alone, the duties imposed by statute. Only their appointment comes from the town. Their authority is from the statute, and they cannot be controlled by the town in the execution of that authority. *Desty on Taxation*, 508, 685. *State* v. *Walton*, 62 Maine, 106.

No vote of the town can relieve the assessors of any part of their statute duty; nor can such vote control their action in any detail. The town cannot by vote increase, diminish or vary the duties which the tax collector owes to the public, nor relieve him in case of his neglect, except in the very few cases where the statute so provides. There is an implication, perhaps, in R. S., c. 6, § 173, that the town may relieve a collector who has made a fruitless arrest after one year. In general, the negligent collector is dealt with, not by the town, but by other public officers clothed with authority for that purpose.

The assessors are authorized by statute in certain contingencies to take his tax warrant from him. §§ 147, 149. The state, county and town treasurers may each issue his warrant of distress against a delinquent or slothful collector. §§ 151, 152, 158. All these officers proceed, not under any vote of the town but independent of it and under statute authority. It would be their duty to act, when the occasion arises, even in spite of a vote of the town. When a tax collector has once received a legal tax warrant, he becomes chargeable with the whole amount of the tax, state, county and town. He must account in money to each treasurer for the amount ordered to be paid to him. *Fake* v. *Whipple*, 39 Barb. 339. *Gorham* v. *Hall*, 57 Maine, 58. This liability is not a private debt due to the town as a corporation which the corporation may release. It is an official liability to the public, which he can acquit himself of, only by executing his warrant. If he neglects to execute his warrant, his liability to pay to the treasurers the amounts due them, is as living and binding as if he had collected the money. His payments to the treasurers are general, on account of the whole sum ordered to be paid each, and not particular, on any individual tax. His warrant commands him to pay over a certain gross amount, not any particular taxes, to each treasurer. Any money he officially pays the treasurer, he pays on account of, and to diminish this gross sum, this liability. If he be dilatory, his own money or property can be taken on a treasurer's warrant of distress, and no vote of the town can restrain the treasurer or restore the money. If he be dilatory in collecting, and voluntarily pays his own money to the treasurer without waiting for the warrant of distress to be issued, he only does his official duty, only pays what he was bound to pay, and could be compelled to pay. If no vote of the town can restrain the treasurer from compelling payment, it would seem that no vote of the town can force him to restore what has been voluntarily paid him by the collector on account of his official liability. In neither case, does the collector acquire any right to repayment from his subsequent omission to collect of the tax payer.

Without the execution or revocation of his warrant, the tax col-

lector seems to have no claim in law, morals, or good conscience, either to be excused from failure to collect, or to receive out of the town treasury sums he has paid under his liability though in anticipation of collection. Such a claim on its face, whatever the particular facts, does not come within the purview of town meetings. If a town has no power to raise money from taxes, to restore a gift voluntarily made to the town by one of its citizens, as was held in *Perkins* v. *Milford*, 59 Maine, 315, much less has it power to raise money from taxes, to restore to a public officer money he has paid to the town treasurer under an official obligation to do so.

This claim is that of a public officer to be compensated for a loss suffered by his neglect of his public duty. We nowhere find any authority for a town to make such compensation. For a town to make such a compensation to a delinquent collector, or to otherwise relieve him, would be in effect abating the taxes he omitted to collect. A town has no power to abate a tax. *Cooley* v. *Granville*, 10 Cush. 56. The only tribunals authorized to grant abatements, are the board of assessors, and the appellate tribunal, the county commissioners. A town meeting has no authority to review, modify or reverse the judgment of the assessors as to the persons or property to be taxed. Nor has it any authority to excuse a man from paying his tax, or to refund to him a legal tax once paid. To concede that a town can directly or indirectly abate a tax by vote in town meeting, is to concede the power of a town to determine who shall pay taxes, and who shall be exempt, and the consequent power to place the public burdens wholly on such citizens, as the majority shall single out for that purpose. This court has emphatically held that a town has no such power, and that the legislature can not confer it. *Brewer Brick Co.* v. *Brewer*, 62 Maine, 62. If the town can not abate the tax it certainly can not excuse the collector from collecting it. The town can not do indirectly what it has no direct power to do.

The agreed statement of facts does not disclose any legal excuse for the collector's failure to collect the tax in question. He had no concern with the ownership of the property, nor with the propriety of the tax. It is said in the agreed statement that the

property meant to be taxed, belonged to, and was in the name of "D. Knowlton Company," a corporation, there being no such party as "D. Knowlton & Co." It is also said, however, that "D. Knowlton & Co." gave a note for the tax, and that afterward "D. Knowlton & Co." became insolvent. There must therefore have been a party called, "D. Knowlton & Co." and it was unquestionably the same party as "D. Knowlton Company." The variation was simply in the name of the same party, and too slight to raise any question of identity. The agreed statement negatives the possibility of any other party. There was nothing in the matter of name, to hinder the collector a moment. *Farnsworth Co.* v. *Rand*, 65 Maine, 19. The validity of the tax was not questioned.

We cannot see any ground upon which to sustain the vote of the town directing the assessment of a tax upon its citizens to pay this claim. The law has not made town meetings the courts of last resort in a matter so highly important to every citizen as the prompt collection of public taxes. It does not permit the bestowal of public money upon a delinquent officer, by a friendly majority in a town meeting. The limited power of towns over public money was well stated in *Westbrook* v. *Deering*, 63 Maine, 231. The tax payer is by no means at the mercy of local majorities. The law carefully guards his rights and immunities, and only permits him to be taxed for lawful public purposes. It gives the courts power to afford him ample protection against the inconsiderate unauthorized action of towns.

*Exceptions sustained.*

PETERS, C. J., WALTON, DANFORTH, VIRGIN, and HASKELL, JJ., concurred.