## JONATHAN KIMBALL *vs.* CITY OF SALEM.

A city co ncil passed an ordinance, under the authority of the Gen. Sts. *c.* 38, § 35, requir-
ing the school committee annually to appoint a superintendent of public schools; the com-
mittee voted to elect a superintendent by ballot annually, and elected one accordingly ·
the city council then repealed the ordinance, but the superintendent, with the approval of
the committee, continued to serve. *Held,* that he could recover from the city for his ser-
vices during the year for which he was elected, although rendered after the repeal of the
ordinance.

CONTRACT to recover for services as superintendent of public
schools in Salem from July 1 to December 3, 1871. The case
was submitted to the judgment of the Superior Court on the fol-
lowing agreed facts:

On December 29, 1865, the city council of Salem passed the
following ordinance: " The school committee are hereby empow-
ered and required annually to appoint a superintendent of public
schools, who, under the direction and control of said committee,
shall have the care and supervision of the schools agreeably to
the provisions of the 35th section of chapter 38 of the General
Statutes and all acts in addition thereto. The salary of said su-
perintendent shall be two thousand dollars per annum, payable at
the same time and in the same manner as the salaries of other
municipal officers are paid."

Under this ordinance the school committee adopted certain
rules, among which was the following: "Agreeably to the city
ordinance of December 29, 1865, the board shall elect by ballot
annually, on the third Monday of March, and whenever a va-
cancy shall occur, a superintendent of public schools, who shall
enter upon his duties upon the first day of April; or if chosen to
fill a vacancy, at such date as the board shall specify."

The plaintiff was duly elected superintendent of schools by the
school committee, first in September 1866, and again annually in
March of each year, including 1871. After the passage of the
St. of 1870, *c.* 117, giving school committees power to determine
the salary of superintendents, the school committee, on July 18,
1870, passed a vote fixing the salary of the superintendent at
$2500 per annum. The salaries of all city officers, as well as of
teachers in the public schools, were paid quarterly.

On June 12, 1871, the city council repealed the ordinance of December 29, 1865, and immediately thereafter the school committee passed the following resolutions : " Resolved, that the election of Mr. Kimball in April last, by the unanimous vote of the board, under an authority legally conferred by the ordinance of the city council and under the regulations of the board, was a contract between this board, duly authorized to represent the city of Salem, and the superintendent, whereby he became entitled to hold his office for the full year for which he was elected, to wit, until April 1872 ; and that no repeal of the ordinance can affect the validity or impair the obligation of such contract.

" Resolved also, that this board claim that they have the power, independently of the ordinance, and under their inherent authority as a coördinate branch of the city government, having full jurisdiction and control over the public schools of the city, to take such means, adopt such measures and employ such assistants as shall, in their judgment, be necessary to secure the highest interests of the cause which is committed to them, and that, for this purpose, they have authority and power to employ the services of such person or persons as they may select, to perform the duties now devolving upon the superintendent and to fix his or their compensation, under no other restrictions than restrain them in the selection of teachers and in fixing their compensation ; and they therefore claim that their action in employing the superintendent, in fixing his compensation, and in now retaining his services, may well be justified under such general powers, and without regard to the special authority conferred upon them by the ordinance before referred to."

The plaintiff continued to perform the duties appertaining to the office of superintendent of public schools until December 3, 1871, when he requested leave of absence, on account of ill health, which was granted by the school committee for a term not exceeding three months.

The services rendered by the plaintiff were in every respect satisfactory to the school committee, and it was not disputed that they were worth the salary fixed by the committee. The plaintiff presented his bill for the quarter ending September 30, 1871, which was disallowed by the common council.

If upon these facts, or such of them as were competent, all questions of pleading being waived, the plaintiff could maintain his action, judgment to be rendered for him for $625, with interest from October 1, 1871, and $432.63, with interest from January 1, 1872; otherwise, judgment for the defendants.

The Superior Court rendered judgment for the defendants, and the plaintiff appealed.

*S. B. Ives, Jr.*, for the plaintiff.

*J. A. Gillis*, for the defendants.

WELLS, J. This suit is brought for services actually rendered by the plaintiff to the city, under the authority and by the express direction and approval of the school committee. It does not, therefore, necessarily raise the question whether his appointment created a contract for a year, which he could have enforced if his services had been dispensed with. *Chase* v. *Lowell*, 7 Gray, 33.

The school committee are officers of the city; in many respects having independent authority to bind the city by their acts and contracts. The general charge of the schools is intrusted to them, with large discretion. They appoint the superintendent, when one is to be appointed, and determine his salary; and he acts under their direction and control. Gen. Sts. *c.* 38, § 35.\* St. 1870, *c.* 117.

Whether they may appoint a superintendent without the vote of a town or ordinance of a city requiring it, we need not now determine; because this appointment was made in pursuance of an ordinance; and we are of opinion that the repeal of the ordinance did not affect the validity of the appointment for the term for which it was originally made.

---

\* "Any town annually by legal vote, and any city by an ordinance of the city council, may require the school committee annually to appoint a superintendent of public schools, who, under the direction and control of said committee, shall have the care and supervision of the schools, with such salary as the city government or town may determine; and in every city in which such ordinance is in force, and in every town in which such superintendent is appointed, the school committee shall receive no compensation, unless otherwise provided by such city government or town."

The duty or authority of the school committee, under the vote of a town or ordinance of a city, is one which is to be performed or exercised by them annually. The statute manifestly contemplates an appointment for the year ; and not from time to time, at the discretion of either branch of the municipal government. The office of superintendent of schools is one that is recognized by the statutes ; it is not created by the ordinance. The ordinance does no more, whatever its form, than to confer a power. That power, when once legally exercised, is effectual for the entire year for which it is originally given. Neither the town nor the city council retain any further control over the matter.

In this case, the power having been legally exercised by the school committee at the beginning of the year, the subsequent repeal of the ordinance did not affect the validity or duration of the appointment made under it.

*Judgment for the plaintiff.*

