ELIZA. C. MILLARD, administratrix, *vs.* INHABITANTS OF EGREMONT.

Berkshire.    September 10, 1895. — October 18, 1895.

Present: FIELD, C. J., KNOWLTON, MORTON, LATHROP, & BARKER, JJ.

*Town — Withdrawal by School Committee of Approval of Attendance of Resident at High School in another Town — Right of Parent of Pupil to Notice of Withdrawal — Action for Tuition — Statute — Damages.*

The school committee of a town not required by law to maintain a high school may withdraw its approval, given under St. 1891, c. 263, of the attendance of a child residing in that town at the high school in another town, and the child's parent is entitled to due notice of such withdrawal.

A person residing in a town not required by law to maintain a high school, who, having obtained the approval of the school committee of that town, sends his child to the high school in another town, may, after the withdrawal of such approval, the withdrawal not being for misconduct of the child, maintain an action against the former town, under St. 1891, c. 263, to recover the sum paid by him to the latter town for the tuition of the child before he has been notified by the committee of such withdrawal. If the tuition is payable by the term, he is entitled to recover the amount paid for the whole term during which he is notified of the withdrawal; but if the tuition is payable by the day, he is entitled to recover only the sum payable at that rate from the time when the approval is withdrawn to the time when he is notified by the committee of that fact.

MORTON, J.    This is an action brought by the plaintiff under St. 1891, c. 263, to recover of the defendant money paid by her intestate to the town of Great Barrington for tuition for his daughter in its high school after March 22, 1892, when the school committee of the defendant town passed a vote withdraw-

ing the approval which it had previously given to the attendance of the intestate's daughter at said school. It is agreed that there was no misconduct on the part of the daughter.

The plaintiff contends that the school committee, having once given its approval, could not withdraw it except for misconduct on the part of the pupil, and that the daughter of the intestate was entitled to pursue the studies on which she had entered until her graduation in due course, which it is said in the plaintiff's brief would have been in June, 1895. She further contends that, if this is not so, the defendant is liable for the amount paid for tuition for the term on which the daughter had entered at the time when her intestate first learned of the action of the school committee, or at least that it is liable for the amount paid down to such time.

The object of the statute appears to be to provide a way in which a child living in a town which is not obliged to maintain, and which presumably does not maintain, a high school, may attend one in a neighboring city or town at the expense of the town where he resides, and it seems to be an extension of Pub. Sts. c. 47, §§ 6, 8. There is nothing in the act of 1891 or in the substituted act of 1894, c. 436, which obliges a town that is not required by law to maintain a high school to provide for the attendance of children living in it at a high school in another city or town, or which obliges any city or town to receive into its high school upon the payment of reasonable tuition children living in a town where there is no high school. There is no such provision elsewhere. Cities and towns are bound to furnish within their respective limits " schools for the instruction of all the children who may legally attend public school therein," (Pub. Sts. c. 44, § 1,) but they are not obliged to provide for the attendance of such children at schools elsewhere. In certain cases two adjacent towns, or two or more contiguous districts in adjoining towns, may unite and maintain a school for the common benefit of children in said towns or districts, or children living remote from any public school in the town where they reside may be allowed to attend school in an adjoining town under such regulations and on such terms as the school committees of said towns agree upon, or they may, with the consent of the school committee, attend schools in towns or cities other

than those in which their parents or guardians reside. Pub. Sts. c. 44, §§ 3, 10; c. 45, §§ 51, 52; c. 47, §§ 6, 8. But these matters are left to the decision of the school committees or of the towns and districts interested. The St. 1894, c. 436, remedies an omission in St. 1891, c. 263, by providing that no member of a school committee, except in a certain case, shall refuse his approval if a child is qualified to enter the high school in another city or town, and that if a school committee unreasonably refuses to grant its approval the town shall be liable to the same extent that it would have been if the approval had been obtained. But, as already observed, neither this statute nor that of 1891 imposes on a town where there is no high school an obligation to provide for the attendance in a high school elsewhere of such of its children as are qualified to attend a high school. To hold, therefore, even though St. 1891, c. 263, made no provision for the withdrawal of an approval, that the town would be obliged, when the approval was once given, to pay for the attendance of the pupil until the course on which he or she had entered was completed, would be giving to the statute, we think, a construction which could not have been intended by the Legislature. The approval would be presumed, no doubt, to continue till withdrawn. Although the members of the board might change, the board itself from the manner in which it was constituted, one member being elected annually, would be a continuing body, and its approval might well be assumed by all interested to continue till revoked by subsequent action. *Fairbanks* v. *Fitchburg*, 132 Mass. 42, 44. *Collins* v. *Holyoke*, 146 Mass. 298. It manifestly would be for the school committee, under the general powers vested in it by statute, and not for the town, to say whether the approval should or should not be withdrawn, or whether any further approval should be given. Pub. Sts. c. 44, § 21. *Kimball* v. *Salem*, 111 Mass. 87.

When, in case of the withdrawal of the approval, the withdrawal should take effect, and when and to whom notice of it should be given, are matters in regard to which there is no provision either in St. 1891 or in that of 1894. In the present case notice was given, immediately by the school committee of Egremont to that of Great Barrington; but no notice was given to the plaintiff's intestate till a few weeks later, and, as we infer,

not until after his daughter had entered upon a term in the Great Barrington high school. It was reasonable that notice of its action should be given by the school committee of Egremont not only to the school committee of Great Barrington, but also to the parent of the scholar. It was only upon his application that the approval originally was granted. Under his application and the approval given in consequence of it, the town became liable for the tuition. There was no liability resting upon him. Before he could be held liable for tuition, it should appear that he had had due notice of the withdrawal of the approval, and an opportunity, if he saw fit, to discontinue the attendance of his daughter. We also think that, if the tuition was payable by the term, the notice should have been given so as to take effect either at the end of a term or before the beginning of one, and that if it was given after the daughter of the plaintiff's intestate had begun a term's attendance the plaintiff can recover the amount paid for tuition for such term. If the tuition was payable at a *per diem* rate, then we think that the amount to be recovered would be the sum payable at that rate from the time when the approval was withdrawn to the time when the plaintiff's intestate received due notice from the committee of its withdrawal.

The agreed facts are somewhat ambiguous as to the disposition to be made of the case. But we construe them as meaning that, if the plaintiff is entitled to recover at all, though for a less amount than that found due by the court, she is to have judgment accordingly.

The finding of the court, which was for the whole amount claimed, will, therefore, be set aside, and the case stand for hearing on the question of damages to ascertain the amount due according to the rule above stated, and when duly found judgment will be entered therefor.

*H. C. Joyner*, for the defendant.
*A. C. Collins*, for the plaintiff.