ALBERT G. HURLBURT *vs.* INHABITANTS OF BOXFORD.

Essex.    January 26, 1898. — June 24, 1898.

Present: FIELD, C. J., ALLEN, KNOWLTON, LATHROP, & BARKER, JJ.

*High School and School of Equal Grade — Tuition of Child attending School outside its Town — Statute.*

A town which is not obliged by law to maintain a high school, and which has a school of equal grade within its borders, cannot be required, under St. 1894, c. 436, to pay for the tuition of a child of one of its inhabitants in another town, because the parent of the child prefers one school to the other.

CONTRACT, under St. 1894, c. 436, to recover money paid by the plaintiff to the town of Danvers for the tuition of his daughter in its high school.    The case was submitted to the Superior Court, and, after judgment for the plaintiff, to this court, on appeal, upon agreed facts, in substance as follows. ·

The defendant town is not required to maintain a high school under Pub. Sts. c. 44, § 2, as it does not contain five hundred families or householders.    The plaintiff's minor daughter resided with him in Boxford, which does not itself maintain a high school or any school of corresponding grade, but there is maintained therein a school of corresponding grade by the trustees of a fund created by the will of Jonathan T. Barker, the school being free to all the inhabitants of Boxford and elsewhere, and the curriculum thereof and the instruction therein being equal to that of high schools as prescribed by law.

The plaintiff's child attended the high school in Danvers, being properly qualified to enter the same, the school committee of Boxford having first refused to approve such attendance upon

the sole ground that the "Barker Free School" was a school of corresponding grade to a high school maintained in the town. The town of Danvers charged a reasonable amount for the tuition of the child.

The defendant town appropriates nothing for the support of the Barker Free School, and exercises no control over it, and it has never been approved by the State Board of Education.

*W. H. Moody & H. E. Bartlett,* (*J. H. Pearl* with them,) for the defendant.

*C. H. Poor & E. B. Fuller,* (*W. A. Butler* with them,) for the plaintiff.

LATHROP, J. This action is brought under the St. of 1894, c. 436; but we see nothing in the act which authorizes a finding for the plaintiff. The agreed facts show that there is maintained in the defendant town a school of corresponding grade to a high school. While this school is not maintained by the town, there is nothing in the act which requires it to be so maintained. Nor is there anything in the act which requires the school to be approved by the State Board of Education.

In many towns in the State there are academies, or schools of a grade equal to that of high schools, maintained from the income of funds left for the purpose, and which are free to the children of the inhabitants; and we have no doubt that the act before us was drawn with this fact in view. There is no reason why a town which is not obliged by law to maintain a high school, and which has a school of equal grade within its borders, should be obliged to pay for the tuition of a child of one of its inhabitants in another town, because the parent of the child prefers one school to the other. And, as we construe the statute, this is not required.

The judgment entered for the plaintiff must be reversed, and judgment entered for the defendant.

*So ordered.*