MYRON R. FISKE *vs.* INHABITANTS OF HUNTINGTON.

Hampshire.　　September 17, 1901. — October 17, 1901.

Present: HOLMES, C. J., KNOWLTON, LATHROP, & BARKER, JJ.

*School. Municipal Corporations.*

St. 1898, c. 496, § 3, provides as follows : " No member of the school committee of a town in which a public high school or a school of corresponding grade is not maintained shall refuse to approve the attendance of any child residing in such town in the high school of some other town or city if such child has completed the course of instruction provided by the former town, and, in the opinion of the superintendent of schools or the school committee of said former town, is properly qualified to enter such high school. If the school committee of such town refuses to grant such approval such town shall be liable for the tuition of such child, in the same manner and to the same extent as if the parent or guardian

of such child had obtained the approval of the school committee." Under this statute a parent made a request of the school committee of a town of the class described in the statute maintaining no high school or school of corresponding grade, for their approval of the attendance of his child at the high school of a neighboring town. The request was not granted and no reason was given for not granting it. The child had completed the course of instruction provided by the home town. The father sent his child to the high school in the neighboring town and sued the home town under the statute for the sum paid for tuition. It appeared, that the child might have gone on with his studies in the home town in some unusual way and probably have been as far advanced as he was by attending the high school in the neighboring town, and thus have been ready to enter the high school which was established the next year in the home town. *Held,* that these facts warranted, if they did not require, a finding that the school committee refused to grant their approval of the attendance, and that such refusal made the town liable under the statute.

Article 18 of the Amendments to the Constitution is as follows: "All moneys raised by taxation in the towns and cities for the support of public schools, and all moneys which may be appropriated by the State for the support of common schools, shall be applied to, and expended in, no other schools than those which are conducted according to law, under the order and superintendence of the authorities of the town or city in which the money is to be expended; and such moneys shall never be appropriated to any religious sect for the maintenance, exclusively, of its own school." St. 1898, c. 496, § 3, provides that "Any town of less than five hundred families or householders in which a public high school or a school of corresponding grade is not maintained shall pay for the tuition of any child who resides in said town and who attends the high school of another town or city, provided the approval of such attendance by the school committee of the town in which the child resides is first obtained. If any town in which a public high school or a school of corresponding grade is not maintained neglects or refuses to pay for tuition as provided in this section such town shall be liable therefor to the parent or guardian of the child furnished with such tuition, if the parent or guardian has paid for the same, and otherwise to the town or city furnishing the same, in an action of contract." There is a further provision making the town liable if the school committee refuses its approval of such attendance in a case covered by the statute. *Held,* that the statute is constitutional. The words of the amendment requiring expenditures to be confined to schools "which are conducted according to law, under the order and superintendence of the authorities of the town or city in which the money is to be expended" as applied to this statute mean the town or city in which the school is where the tuition is given and where payment for it is to be made.

CONTRACT under St. 1898, c. 496, § 3, against the town of Huntington, to recover $125 paid by the plaintiff to the town of Westfield for the tuition of a child of the plaintiff at the high school of the last named town. Writ dated July 30, 1900.

At the trial in the Superior Court, before *Pierce,* J., without a jury, the defendant contended, that the plaintiff had not brought himself within the statute, and further, that the statute was unconstitutional, and asked the judge to rule, that upon all

the evidence the action could not be maintained. The judge refused so to rule, and found for the plaintiff; and the defendant alleged exceptions.

*W. G. Bassett & E. L. Shaw,* for the defendant.

*E. H. Lathrop,* for the plaintiff.

KNOWLTON, J. The St. 1898, c. 496, § 3, contains provisions as follows: "Any town of less than five hundred families or householders in which a public high school or a school of corresponding grade is not maintained shall pay for the tuition of any child who resides in said town and who attends the high school of another town or city, provided the approval of such attendance by the school committee of the town in which the child resides is first obtained." Then we have a provision for recovery from the town by the parent or guardian who has paid for the tuition, if the town neglects or refuses to pay for it, with other language as follows: "No member of the school committee of a town in which a public high school or a school of corresponding grade is not maintained shall refuse to approve the attendance of any child residing in such town in the high school of some other town or city if such child has completed the course of instruction provided by the former town, and, in the opinion of the superintendent of schools or the school committee of said former town, is properly qualified to enter such high school. If the school committee of such town refuses to grant such approval such town shall be liable for the tuition of such child, in the same manner and to the same extent as if the parent or guardian of such child had obtained the approval of the school committee."

The first question in the case is whether the agreed statement and the evidence warrant a finding of facts which, by the terms of the statute, create a liability. The town is such as is described in the statute, and no high school or school of corresponding grade was maintained in it. It is agreed that the plaintiff's minor children were "prepared for a high school," which we understand to mean that they had completed the course of instruction provided by the defendant town, and were properly qualified to enter a high school. This view is confirmed by the testimony of their teacher. Their parents were desirous of having them take a course in a high school at the expense of

the town. This being so, it is immaterial that they might have gone on with their studies in that town in some unusual way and probably have been as far advanced as they were by attending the high school in Westfield that year, and thus have been ready to enter the high school which was established in Huntington the next year.

The plaintiff made a formal request of the committee for their approval of the attendance of these children at the high school in Westfield, a neighboring town. This request was not granted. So far as appears no reason was given, and no good reason existed, for the failure to grant it. These facts well warranted, if they did not require a finding that the school committee refused to grant their approval of the attendance. Such a refusal makes the town liable for the tuition under the statute.

The only other question is whether the statute is constitutional. That some proper provision for the education of children in high schools and other public schools may be required of towns by the Legislature, is not questioned. It is equally clear that in the making of such a provision, payment of tuition by a town, in a school where tuition is charged, is within the general purposes for which money may be raised by taxation, unless there is some special constitutional prohibition of such payments. The defendant relies on the eighteenth of the Articles of Amendment to the Constitution, which is as follows: "All moneys raised by taxation in the towns and cities for the support of public schools, and all moneys which may be appropriated by the state for the support of common schools, shall be applied to, and expended in, no other schools than those which are conducted according to law, under the order and superintendence of the authorities of the town or city in which the money is to be expended; and such moneys shall never be appropriated to any religious sect for the maintenance, exclusively, of its own school." In *Merrick* v. *Amherst,* 12 Allen, 500, 508, it is said that "The object of the provision is to regulate the expenditure of money raised by towns or cities for general educational purposes, and to confine it strictly to the support of the common or public schools, which every town is required to maintain under the general laws, . . . and also to restrain the raising of money by taxation for the support of schools of a religious

and sectarian character." See also *Jenkins* v. *Andover*, 103 Mass. 94.

In an opinion of the attorney general, given at the request of the Honorable Senate, it was said that the St. 1895, c. 94, which authorizes any town in which a high school is not maintained to grant and vote money to pay the tuition of children residing in such town and attending an academy maintained therein, provided the academy is approved for that purpose by the state board of education, is unconstitutional. 1 Opinions of the Attorneys General, 319. If, for the purposes of this case, we assume in favor of the defendant without deciding, that the learned attorney general was correct in giving to the words " all moneys raised by taxation in the towns and cities for the support of public schools," a construction broad enough to include money paid for tuition of individual scholars in incorporated academies not conducted by the public authorities nor established or managed as any part of the public school system of the Commonwealth, it does not follow that there is any good ground of objection to the statute under which this suit was brought. The schools referred to in this statute " are conducted according to law, under the order and superintendence of the authorities of the town or city in which the money is to be expended," and these quoted words designating the town or city, as applied to a case like the present, mean the town or city in which the school is where tuition is given and where payment for it is to be made, rather than the town or city that makes the payment.

The Legislature at different times has assumed that similar provisions are constitutional, and a like assumption is found in decisions of this court. Pub. Sts. c. 44, §§ 3, 44. Sts. 1888, c. 431 ; 1893, c. 200 ; 1894, c. 498, §§ 6–8 ; 1894, c. 436 ; 1895, c. 212 ; 1901, c. 44. *Millard* v. *Egremont*, 164 Mass. 430. *Hurlburt* v. *Boxford*, 171 Mass. 501.

*Exceptions overruled.*