HENRY C. PERKINS *vs.* SELECTMEN OF FRAMINGHAM & another.

Middlesex.    February 3, 1943. — February 24, 1943.

Present: FIELD, C.J., LUMMUS, DOLAN, COX, & RONAN, JJ.

*Municipal Corporations,* Officers and agents, By-laws and ordinances. *Framingham.*

By-laws of Framingham providing that the selectmen should appoint a town counsel "annually" and that his term of office should "continue until the election . . . of his successor" did not contemplate a fixed term of one year; and an appointment made seven months after the appointment of another to that office was in effect a removal of the earlier appointee and entitled the later appointee to the office.

PETITION for a writ of mandamus, filed in the Superior Court on November 30, 1942.

The case was heard by *Forte,* J.

*B. C. Perkins,* for the petitioner.

*L. Brown,* for the respondents.

LUMMUS, J.    This is a petition for a writ of mandamus, of the class illustrated by *Sevigny* v. *Russell,* 260 Mass. 294, and *Furlong* v. *Ayers,* 305 Mass. 455, to try the petitioner's title to the office of town counsel of Framingham. There are two by-laws of the town relating to the appointment of town counsel. The first is as follows: "The selectmen shall hereafter annually on or before the first day of April, and whenever a vacancy shall exist, choose some competent

lawyer, residing in the town, to act as town counsel." The other reads: "The term of office of said counsel shall begin from the time of his acceptance of appointment and shall continue until the election and acceptance of his successor."

The petitioner was appointed town counsel on April 15, 1941, to take office on May 1, 1941. He was again appointed on April 7, 1942. On November 17, 1942, the selectmen appointed the respondent Sheehan as town counsel. On November 30, 1942, the present petition was filed. At the hearing the judge refused, subject to exception by the petitioner, to rule that the petitioner and not Sheehan was the lawful town counsel, and, subject to exception by the petitioner, dismissed the petition as a matter of discretion.

In *Adie* v. *Mayor of Holyoke*, 303 Mass. 295, 300, it is said that "where no definite term of office is fixed by law the power to remove an incumbent is an incident to the power to appoint, in the absence of some constitutional or statutory provision to the contrary." But an exception is recognized in that case (page 301) "where the term of the official is fixed by law for a definite period." It is to be observed that the by-laws in this case do not expressly fix the term of office at one year, but provide that it shall continue until the election and acceptance of a successor. In *Chase* v. *Lowell*, 7 Gray, 33, the term of office was fixed at one year. And in *Kimball* v. *Salem*, 111 Mass. 87, the city ordinance was much like the by-law in the present case, and the officer brought the action to recover for services actually performed. Accordingly, as the court observed, the case did not raise the question whether the appointment was for a definite term of one year.

We are of opinion that the appointment of the petitioner under the by-laws was not one fixed for a definite period of one year. We think that the respondent Sheehan was lawfully appointed, and is entitled to the office. The appointment of Sheehan was in effect a removal of the petitioner. *Williams* v. *Gloucester*, 148 Mass. 256, 260. The petition could properly have been dismissed as matter of law. We do not intimate that it might not also have been dismissed in the discretion of the court below.

*Exceptions overruled.*