FREDERICK A. BRYSON, JUNIOR, *vs.* MAYOR OF WALTHAM.

Middlesex.    November 6, 1952. — December 1, 1952.

Present: QUA, C.J., LUMMUS, SPALDING, WILLIAMS, & COUNIHAN, JJ.

*Municipal Corporations*, Officers and agents.    *Waltham.*

A provision of the ordinances of the city of Waltham requiring the mayor "before the first Monday in March" to "designate one of the assessors as chairman of the board" limited the effective period of such a designation to one year; and a designation purportedly for three years, followed by a redesignation of the same person for the second of such years, was superseded by a designation of another person by a succeeding mayor for the third of such years.

PETITION, filed in the Superior Court on March 3, 1952.

The case was heard by *Morton*, J.

*Maurice Caro*, for the petitioner.

*John A. McCarty*, City Solicitor, for the respondent.

LUMMUS, J.    In his petition for a writ of mandamus, filed on March 3, 1952, the petitioner alleges that on February 28, 1950, the then mayor of Waltham appointed him an assessor for three years, that his appointment was confirmed by the city council, and that then the mayor designated him chairman of the board of assessors for three years at an annual salary of $4,100, and again for one year from March 5, 1951.    The petitioner further alleges that on February 25, 1952, the successor to that mayor appointed one Vinciullo an assessor for three years, that that appointment was confirmed by the council, and that he then purported to designate said Vinciullo chairman in the place of the petitioner for one year beginning March 3, 1952.    The petitioner claims title to the office of chairman until the expiration of three years from March 1, 1950, a term that has not yet expired.    The respondent contends that the term of the petitioner as chairman was for only one year from March 5, 1951.    The case was presented on agreed

facts.  The judge dismissed the petition, and the petitioner appealed.

Waltham was governed by a Plan B charter.  G. L. (Ter. Ed.) c. 43, §§ 56–63.  By § 60 it was provided that "all heads of departments" shall be appointed by the mayor, subject to confirmation by the city council.  The ordinances contained the following provision: "The board of assessors shall have charge of the assessing department. One member of said board shall be appointed by the mayor on or before the first Monday in February in each municipal year to serve for three years from the expiration of the term of the member then next outgoing."  The ordinances provided that the mayor shall, "before the first Monday in March, designate one of the assessors as chairman of the board."  We think that the entire board was the head of the assessing department, and that the provision in G. L. (Ter. Ed.) c. 43, § 61, that the head of a department may only be removed by the mayor with the approval of a majority of the city council does not apply to the removal of a chairman of the board of assessors.

The chairman was to be designated, under the ordinance, before the first Monday in March.  Apart from St. 1951, c. 364, the mayor holding office at that time would have had as much right to designate a chairman as any of his predecessors in office.  The plain implication is, we think, that the designation could not be effective for a greater period than one year.  The designation need not be confirmed by the city council, and the designations made in this case were not so confirmed.  The designation of Vinciullo as chairman superseded the designation of the petitioner. *Kaplan* v. *Sullivan*, 290 Mass. 67.  See also *Perkins* v. *Selectmen of Framingham*, 313 Mass. 322.

Statute 1951, c. 364, did not have the effect of continuing the petitioner in the office of chairman of the board of assessors, for that statute provided for the choice of a chairman by the board.

*Judgment affirmed.*