CITY OF CHARLESTOWN *vs.* GEORGE W. GARDNER & others.

The power of the school committee to fix the compensation of teachers of the schools of a city, and bind the city to pay the same, cannot be controlled by the city council except by voting to close the schools after they have been kept open the time required by law.

BILL IN EQUITY filed December 19, 1867, in the name of the city against the school committee of Charlestown, by the mayor under authority of an order of the common council, adopted December 16, that " the mayor be authorized in behalf of the city to take such action and to institute such proceedings, at law, or in equity, or otherwise, as he may deem proper, in order to prevent the school committee of said city from expending or causing to be expended for the public schools, or for the salaries of the teachers therein, any sum of money in excess of the moneys which have been or may be appropriated therefor by the city council, and to require them to close said schools and discharge all teachers therein, when said moneys shall have been expended."

The bill recited that a city ordinance required the school committee to submit to the committee on finance of the city council on or before January 20, 1867, an estimate in writing of the expenses of the public schools of the city for the financial year to begin March 1, specifying how much in their opinion would be required for salaries of teachers, and provided that they should not fix the salaries of teachers at such rates as to exceed in said year the sums raised and appropriated therefor by the city council ; that on February 9, 1867, the school committee submitted an estimate of $66,000 for salaries of " teachers, messenger, secretary and treasurer " for the ensuing financial year ; that in and for said year the city council raised and appropriated for such salaries $60,000, in addition to the amount to be received by the city from the Commonwealth out of the income of the school fund, which would not exceed $1000, making the total sum to be spent for such salaries during the year $61,000, which sum the city council deemed all that was necessary and proper for

that purpose, all which the school committee well knew; but that during the first quarter of the year the committee expended and the city paid for such salaries $16,062.84, in the second quarter $15,626.47, and in the third quarter $17,195.07, leaving unexpended, out of the $61,000, on December 1, 1867, only $12,115.62; that this sum of $12,115.62 was all which the committee had the legal right to expend in said salaries during the last quarter of the year; that during said year there had been kept in the city for at least six months a sufficient number of the schools described in the Gen. Sts. *c.* 38, § 1, and there had also been kept, but not yet for ten months exclusive of vacations, a school of the description prescribed in § 2; that the school committee were asserting their right and purpose to cause all of these schools to be kept continuously during the rest of said year, and to retain all the teachers at the same rates of salary for future services during the year as they had been previously paid, even although the amount should exceed the sum raised and appropriated by the city council; that, according to the information and belief of the plaintiffs, this would cause the salaries for the last quarter of the year to amount to $17,000, and so cause the sum appropriated and raised for the whole year to be exceeded by $4,884.38; that the unexpended balance of the $61,000 was more than sufficient to defray the salaries and other expenses of keeping open for the rest of the ten months required by law the school prescribed by the Gen. Sts. *c.* 38, § 2, and the duty of the school committee was to keep open said school for that time, and with the surplus of money then remaining keep open such of the other schools as they should please until said surplus should be exhausted, and no longer; and that the city council had on May 20, 1867, adopted the following preamble and order, and notice thereof had been given to the school committee: "Whereas the school committee have disregarded the ordinance relating to the public schools, and have fixed the salaries of the teachers at such a rate that the aggregate amount of such salaries exceeds the sum appropriated by the city council for that purpose; therefore, Ordered, that the city clerk be directed to notify the school committee, and also

the teachers of the public schools, that no money will be paid by the treasurer for salaries in excess of the amount appropriated by the city council for that purpose."

The prayer of the bill was for an injunction to restrain the school committee " from causing said school described in the Gen. Sts. *c.* 38, § 2, (known as the high school,) to be kept, and from retaining and employing any teachers to teach therein, after the time when said school shall have been kept the length of time required by law in said financial year, unless there shall then be a portion of said money appropriated as aforesaid remaining unexpended, in which case, that they may be restrained from causing said school to be kept, and from retaining and employing any teachers to teach therein after said remaining portion of said money, if any, shall have been expended; and from causing any other of said schools to be kept, or any teachers to be retained or employed by the defendants to teach therein, after all of said money so appropriated as aforesaid shall have been expended for the purpose aforesaid, and after any additional money, if any, which may be raised and appropriated by said council for the purpose aforesaid shall have been expended; and also to require said defendants to close said schools and to dismiss all of the teachers therein when all of said money appropriated as aforesaid, and all additional, if any, which may be appropriated as aforesaid for the purpose aforesaid, shall have been expended for the purpose or purposes for which it was appropriated."

The defendants filed a general demurrer, and the case was reserved by *Gray*, J., for the determination of the full court.

*H. W. Bragg*, for the defendants.

*C. Robinson, Jr.*, for the plaintiffs.

FOSTER, J.  The question raised by this demurrer, and upon which the city of Charlestown desire the opinion of this court, must be regarded as substantially determined by the case of *Batchelder* v. *Salem*, 4 Cush. 603.  The provisions of the statutes have since been revised and reënacted by the legislature, but they remain unchanged.  Gen. Sts. *c.* 18, § 11.  The power given to the school committee to contract with teachers necessa-

rily implies and includes the power to determine their salaries. And in so doing they are not restricted to the amount appropriated for the purpose by the city council. The price to be paid is as much a part of the contract as the individual who is to teach or the school which is to be taught. The selection of a teacher depends very much upon the amount of compensation which can be offered to him. If the city council could establish the salary, it could thereby greatly narrow the range of choice, or even indirectly prevent the possibility of obtaining any suitable instructors. The city council have no control over the school committee in this respect, except by voting to close a school after it has been kept the length of time required by law.

The school committee are an independent body, intrusted by law with large and important powers and duties ; and, although every discretionary power is liable to abuse, against which no perfect safeguards can be provided, yet we are aware of no substantial reason for supposing that the power of fixing teachers' salaries is more liable to abuse by the school committee than by the city council. At all events, the interpretation of the law to which we now adhere was adopted many years ago, and the legislature has not seen fit to change its provisions.

This exposition of the statute is decisive against maintaining the present bill. If we had adopted the opposite interpretation, there would have still remained apparently insuperable obstacles against supervising such a branch of the administration of municipal affairs by proceedings in equity.

*Demurrer sustained ; bill dismissed, with costs.*