ELBRIDGE G. FRIEND & others *vs.* ADDISON GILBERT & others.

A town, as incident to its power to build a town house, has a right, in its discretion, to make additional compensation to a person for labor done by him in building it as a contractor under another person with whom the town had contracted to build it for a fixed sum.

PETITION, on July 20, 1871, by ten and more taxable inhabitants of the town of Gloucester, under the Gen. Sts. *c.* 18, § 79, alleging that on May 22, 1869, the inhabitants in town meeting voted to build a new town house, appropriated $90,000 for the purpose, and chose Addison Gilbert and four others "a building committee, to have in charge the building of the house," that

on September 13, 1869, the committee contracted in writing with Albert Currier, for him to build the house and furnish the labor and materials therefor, for the price of $78,000; that soon afterwards Currier, in his own behalf and not in behalf of the inhabitants, contracted with Moses H. Clough and Daniel S. Watson "to do certain wood work in the building of the house, and furnish the materials for the same;" that Watson bought out Clough's interest in the sub-contract, and did the work and furnished the materials; that on June 27, 1871, the inhabitants in town meeting appropriated $5000, and authorized the building committee to pay Watson a sum not exceeding $5000, for additional compensation for labor on the town house; that "the same was appropriated and voted to Watson as aforesaid on account of a loss he claims to have made under his said contracts with Currier and Clough, and not otherwise;" and that the inhabitants of Gloucester were not a party to Watson's said contracts, and had no interest therein. The prayer was for an injunction to restrain the committee from drawing, and the town treasurer from paying, any order for the $5000 or any part thereof.

The building committee and the town treasurer and Watson answered jointly, admitting the allegations as to the vote to build the town house, the appointment of the building committee, the contract of the committee with Currier, his contract with Watson, and Watson's performance of work on the house; also admitting that the inhabitants "voted to appropriate the sum of $5000, and authorized the committee to pay a sum not exceeding that sum, as additional compensation to Watson for work and labor and materials furnished for the house;" denying "that said sum was appropriated to Watson on account of a loss which he made in the performance of said contracts with Currier and not otherwise," and alleging that on the contrary, "although Watson had suffered a loss by reason of his work, labor and materials furnished for the town house under said contract, the appropriation was made as additional compensation to him for the faithfulness with which he performed the said contract in the quality and character of the work and materials furnished by him upon the town house, the benefit of which the town now has and

enjoys;" denying also that the inhabitants had no interest in Watson's contract with Currier and the work done under it, and alleging that, on the contrary, they were directly interested therein; and finally alleging "that they had a right in law to construct the town house, that it was constructed in a legal and reasonable manner, that they had a legal right to compensate Watson for all the labor and materials furnished by him, that said additional compensation was no more than reasonable compensation for the work and materials furnished by him for the use and the benefit of the town, and that the appropriation of $5000 was made for a legal purpose, and for a purpose for which towns have a right to raise and appropriate moneys."

At the hearing, before *Morton*, J., it appeared that one of the articles in the warrant for the town meeting of June 27, 1871, was "To see what additional compensation shall be paid to Daniel S. Watson on account of contract for building new town hall;" and that the language of the vote of that date was as follows: " *Voted*, that the sum of $5000 be appropriated, and that the building committee be authorized to pay Daniel S. Watson not exceeding that sum, for additional compensation for labor on the new town hall." The judge ruled " that evidence as to the proper exercise of discretion on the part of the town was not admissible," and reserved the question of the power of the town to pass the vote for the determination of the full court.

*C. P. Thompson*, for the petitioners, cited Gen. Sts. *c.* 18, §§ 8, 9, 79; *Stetson* v. *Kempton*, 13 Mass. 272; *Willard* v. *Newburyport*, 12 Pick. 227; *Allen* v. *Taunton*, 19 Pick. 485; *Babbitt* v. *Savoy*, 3 Cush. 530; *Cooley* v. *Granville*, 10 Cush. 56; *Tash* v. *Adams*, Ib. 252; *Vincent* v. *Nantucket*, 12 Cush. 103; *Claflin* v. *Hopkinton*, 4 Gray, 502; *Fuller* v. *Groton*, 11 Gray, 340; *Hood* v. *Lynn*, 1 Allen, 103; *Frost* v. *Belmont*, 6 Allen, 152; *Fowler* v. *Danvers*, 8 Allen, 80; *Merrill* v. *Plainfield*, 45 N. H. 126.

*W. C. Endicott & B. H. Smith*, for the respondents, besides cases cited for the petitioners, referred to *Nelson* v. *Milford*, 7 Pick. 18; *Bancroft* v. *Lynnfield*, 18 Pick. 566; *Cushing* v. *Stoughton*, 6 Cush. 389; *Drake* v. *Stoughton*, Ib. 393; *Fuller* v. *Melrose*, 1 Allen, 166; *French* v. *Quincy*, 3 Allen, 9; *Freeland*

v. *Hastings*, 10 Allen, 570; *Allen* v. *Marion*, 11 Allen, 108; *Saltonstall* v. *Sanders*, Ib. 446, 455; *Higginson* v. *Nahant*, Ib. 530, 535; *Foote* v. *Salem*, 14 Allen, 87; *Dearborn* v. *Brookline*, 97 Mass. 466; *Copeland* v. *Huntington*, 99 Mass. 525; *Jenkins* v. *Andover*, 103 Mass. 94, 104; *Carlton* v. *Salem*, Ib. 141; and *Whicker* v. *Hume*, 7 H. L. Cas. 124, 154.

MORTON, J. The power of towns to raise and appropriate money is derived wholly from statute. The statutes do not attempt to enumerate all the purposes for which money may be raised, but, after specifying some of the more prominent ones, provide that towns may grant and vote such sums as may be required "for all other necessary charges arising therein." Gen. Sts. *c.* 18, § 10. It is under this general provision that towns have the power to vote money for the erection of town houses. *Stetson* v. *Kempton*, 13 Mass. 272. The right to build carries with it by implication the power to make contracts, to waive or alter them, and to make arrangements for the payment of those who furnish labor and materials.

In the case at bar, the town of Gloucester made a contract with Currier to build their town house. He employed the respondent Watson to do the wood work of the building. After the work was done, the town voted to appropriate and pay to Watson five thousand dollars as additional compensation for his work and materials furnished. The question is, as to the legality of this appropriation.

The subject matter, namely, the construction of the town house is within the legal powers of the town. The vote is to pay money as compensation for such construction. We are of opinion that the town had the legal authority to pass this vote as an incident of their general power over the subject matter. If, by reason of the fidelity with which Watson has performed his work, the town has received benefit, and it is just and equitable that he should receive compensation in addition to his contract, we see no reason why the town should be prohibited from making such compensation. Its jurisdiction over the general subject includes the power to deal with all its details and incidents.

The petitioners contend that the town had no legal relation or connection with Watson, and therefore that the payment to him is a gratuity or gift. It is true the town had no express contract with him, but they had a direct and vital interest in his work and its quality, and we cannot regard the proposed payment to him as a mere gratuity. The vote is, to pay him five thousand dollars as compensation, that is, as an equivalent, for his services, and for the benefits received by the town, and not as a gift without consideration. The fact that the town was under no legal obligation to pay does not make it a gift without equivalent. It has been decided in several cases, that towns may vote money to indemnify their agents who may incur a liability in the performance of their duties, though the towns were under no legal obligation to do so. *Nelson* v. *Milford*, 7 Pick. 18. *Bancroft* v. *Lynnfield*, 18 Pick. 566.

We are of opinion, in this case, that it was within the corporate power of the town to pass the vote in question. Whether it was wise to do so, was a matter within the discretion of the inhabitants of the town ; and, in the absence of fraud or corruption, we cannot revise their judgment. The presiding judge therefore rightly rejected the evidence offered by the petitioners.

*Petition dismissed.*