MICHAEL MATTHEWS *vs.* INHABITANTS OF WESTBOROUGH.

Worcester. Oct. 6. — Nov. 21, 1881. LORD & ALLEN, JJ., absent.

In an action against a town to recover a sum voted by the town to the plaintiff as compensation for injuries received by him while in the employ of the town, the form in which the application of the plaintiff was made is not conclusive of the character of the vote of the town, but the conduct of the town as well as that of the plaintiff is to be considered in determining whether the vote was to compromise a claim or to provide a gratuity.

Under an article in a warrant for a town-meeting, " to see if the town will grant aid to A. for injuries received while in the employ of the town," the town may vote to pay a sum in compromise of A.'s claim against the town.

CONTRACT to recover $500, alleged to have been voted to the plaintiff by the defendant town. At the trial in the Superior Court, before *Aldrich,* J., the jury returned a verdict for the defendant; and the plaintiff alleged exceptions. The facts appear in the opinion.

*G. F. Verry,* for the plaintiff.

*W. S. B. Hopkins,* (*L. K. Travis* with him,) for the defendant.

DEVENS, J.    It is in the power of towns to settle claims
which may be made upon them arising out of their administra-
tion of their municipal affairs.    A vote to appropriate money for
such a purpose is therefore binding upon them, even if upon
subsequent examination it is ascertained that the claim which
was to be settled thereby was one which could not have been
successfully maintained.    *Nelson* v. *Milford*, 7 Pick. 18.    *Ban-
croft* v. *Lynnfield*, 18 Pick. 566.    They have no authority to
appropriate money for gratuities to persons whose situation may
appeal to public sympathy.    *Fowler* v. *Danvers*, 8 Allen, 80.
*Cooley* v. *Granville*, 10 Cush. 56.    *Tash* v. *Adams*, 10 Cush. 252.
This is in accordance with the instructions of the learned judge
who presided at the trial; but in ascertaining whether the vote
of the town was for the purpose of settling a claim or of appro-
priating for a gratuity, he was of opinion that it was to be
definitely determined by the form in which the application of
the plaintiff was made; and that, if such application were for
aid only, and not upon the ground that the town was legally
liable to compensate him, the vote of the town would be invalid.
The form in which the application of the plaintiff was made was
certainly important, but it was not necessarily conclusive of the
character of the vote of the town.    One who believes himself to
have a legal claim may see fit to put it in the form of an appli-
cation for assistance, and upon such application it may be recog-
nized by the town that there is such legal claim as to be fairly
a subject of dispute and settlement.    The conduct of the town
as well as that of the plaintiff is to be considered; and it is to
be determined in view of both whether the vote was to satisfy
and compromise a claim or merely to provide a gratuity.

    There was evidence that the plaintiff applied to the select-
men for aid as a gratuity, because he had been injured in doing
work under the highway surveyor, was poor, and unable to work.
There was also evidence that to them he put his application on
the ground of a legal claim, because he had been put by the
highway surveyor in a dangerous place to work.    An article
was thereafter inserted by the selectmen in the warrant for a
town-meeting, " to see if the town will grant aid to Michael
Matthews for injuries received while in the employ of the town."
At the town-meeting it was referred to the selectmen to inquire

and report to the town what "would be a fair compensation" to Matthews for his injuries. The selectmen reported that Matthews was injured while in the employ of the town, and that "the town would do well" to pay him a sum named by them. This report was amended by inserting a larger sum, and, as amended, was adopted. The reference of the matter to the selectmen to report a "fair compensation," and their report upon such reference of a sum which "the town would do well to pay," should have been considered in deciding what construction should be placed on the action of the town.

It is suggested that a vote to compromise a claim of Matthews could not have been passed under the article in the warrant above recited; but this would be to give it too narrow a construction. Its office was to bring before the town substantially and intelligently the subject with which it was to deal. *Grover* v. *Pembroke*, 11 Allen, 88. Gen. Sts. *c.* 18, § 22. This was the application of Matthews on account of injuries received while in its employ. If that was in form for aid only, but if it was deemed by the town wiser to adjust it by a sum which should be fair compensation, and thus to dispose of any claim which might exist, it might properly do so. *Exceptions sustained.*