FLORENCE PROUT *vs.* INHABITANTS OF THE FIRE DISTRICT
IN PITTSFIELD.

Berkshire.    September 24, 1891. — October 23, 1891.

Present: ALLEN, HOLMES, KNOWLTON, & MORTON, JJ.

*Fire District — Liability for Negligence — Compromise.*

A fire district is a quasi corporation, to whose inherent power to sue and be sued
the general power to compromise doubtful claims is necessarily incident.

A fire district, duly organized and established under the St. of 1844, c. 152, (Pub.
Sts. c. 35, §§ 40–61,) which is sued for personal injuries caused by the alleged
negligence of its fire department, or of its officers or members, may, after a ver-
dict for the plaintiff, waive exceptions taken by it at the trial, and by vote com-
promise the claim for a sum less than the verdict, and is bound by the plaintiff's
unreserved acceptance thereof.

CONTRACT, to recover a sum of money voted to be paid by the
defendant in compromise of a claim of the plaintiff, upon which
an action of tort brought by her against the defendant was still
pending in the Superior Court. The case was submitted to the
Superior Court, and, after judgment for the plaintiff, to this
court, on appeal, on agreed facts, which, so far as material to
the points decided, appear in the opinion.

*H. L. Dawes & J. C. Crosby,* for the plaintiff.

*M. Wilcox & W. R. Plunkett,* for the defendant.

ALLEN, J. The defendant is a fire district, duly organized
and established under the general laws of the Commonwealth.
St. 1844, c. 152. Pub. Sts. c. 35, §§ 40–61. By express pro-
vision of statute, fire districts may raise money for the purchase
of engines and other articles necessary for the extinguishment
of fires, for the purchase of land, for the erection and repairs of
necessary buildings, for the erection and maintenance of street
lamps within their limits, and for other incidental expenses of
the fire department. Pub. Sts. c. 35, § 51. Certain other
powers were specially conferred upon the defendant by the
Legislature, in respect to water supply, and to sewers and
drains. St. 1852, c. 210. St. 1867, c. 132.

By virtue of its general authority, the defendant established
an electric fire alarm system, one of the wires of which ran into

the house where the plaintiff lived, and during a thunder-storm she was injured by electricity conducted into the house by means of the wire. It is not controverted that the establishment of the fire alarm system was within the defendant's authority.

The plaintiff sued the defendant for this injury, and obtained a verdict with substantial damages in the Superior Court, under instructions from the presiding justice authorizing the same to be rendered. Exceptions were taken to these instructions, and, before the same were argued in this court, the defendant passed the vote which is the subject of the present action, appropriating a sum less than the verdict, to be paid in compromise of the action and claim ; and the plaintiff accepted the vote, and the offer therein contained.

The defendant now contends that it was not liable in the first instance for any negligence of the fire department, or of its members and officers, and that it was wholly beyond its power to assume liability therefor by a compromise of the plaintiff's claim. This latter ground of objection is clearly untenable, and we have therefore no occasion to consider the former.

The defendant as a fire district is a quasi corporation, with certain limited corporate powers, which are to be measured by its other powers, its privileges and duties. Among its inherent corporate powers is the power to sue and be sued. *Rumford School District* v. *Wood,* 13 Mass. 193. *Stebbins* v. *Jennings,* 10 Pick. 172, 188. *Linehan* v. *Cambridge,* 109 Mass. 212. 2 Kent Com. 277, 278, 283, 284, and notes. Angell & Ames, Corp. §§ 23, 24, 78. 1 Dillon Mun. Corp. §§ 21, 22.

The general power to compromise doubtful and disputed claims is necessarily incident to the power to sue and the liability to be sued. If a claim against the defendant cannot be adjusted by way of compromise, neither could a claim in its favor. If this doctrine were applied generally to all claims, the result would be that in all disputed cases the defendant must perforce engage in a litigation, the expense of which would be certain, but the result doubtful. The defendant would be under the necessity of insisting at all hazards upon a judicial determination of all its controverted rights, and would be bound to pursue or resist all doubtful claims until final adjudication by the court of last resort.

The learned senior counsel for the defendant does not carry his objection so far as this, but he contends that liability for negligence of the kind now in question is so far removed from any obligation imposed upon the defendant by law, that it was entirely outside of its powers to assume any such liability, even by way of compromise. This argument overlooks the ground upon which compromises rest, and are upheld by courts. Whether the result of a litigation depends chiefly upon the ascertainment of the facts by the verdict of a jury, or upon the determination of the rules of law found applicable by the court, in either case there is an uncertainty until the decision is reached. No better illustration could be needed than the present case affords. The counsel for the defendant asks us to say that the rules of law so clearly exempted the fire district from liability, that a settlement of the claim by way of compromise was *ultra vires*. But the learned justice of the Superior Court ruled that the fire district might be held liable. It certainly could not be said, therefore, that the law was so plain as to be free from doubt. It must at least be assumed that the defendant was involved in a litigation in which the result might be adverse to it. If the defendant had chosen to rest content with the verdict of the jury and the ruling of the judge of the Superior Court, there would have been a final judicial determination that it was liable. Could it be urged, in such a case, that it would be beyond its powers to raise money to pay the judgment against it? Or could it be urged that it would be beyond its powers to submit to the result in the Superior Court, without taking or pressing in this court exceptions in matters of law?

What the defendant has done is, in effect, to agree to waive its exceptions taken at the trial in consideration that the plaintiff will accept a sum less than the verdict of the jury. This verdict was rendered in the due course of the administration of justice. Although subject to be set aside upon a further hearing in this court of the matters of law involved in the case, it was *prima facie* an obligation resting upon the defendant which it was in great danger of being compelled to meet. Certainly the plaintiff's claim cannot be said to be merely frivolous or vexatious, or one not urged in good faith. It must be conceded that the plaintiff, or those acting for her, might well believe in its

justice and legality, since the court and jury have, upon a trial, upheld it. There is no suggestion of fraud or misrepresentation practised on the defendant. Under these circumstances, we can see no good ground for holding that the compromise was beyond the power of the fire district, or that its promise to pay was founded on no sufficient consideration. The power is incident to its liability to be sued. *Cushing* v. *Stoughton*, 6 Cush. 389. *Drake* v. *Stoughton*, 6 Cush. 393. *Matthews* v. *Westborough*, 131 Mass. 521, and 134 Mass. 555. *Medway* v. *Milford*, 21 Pick. 349, 354. *Bean* v. *Jay*, 23 Maine, 117. *Petersburg* v. *Mappin*, 14 Ill. 193. *Agnew* v. *Brall*, 124 Ill. 312. *Supervisors of Orleans* v. *Bowen*, 4 Lans. 24, 30, 31. *Supervisors of Chenango* v. *Birdsall*, 4 Wend. 453. 1 Dillon Mun. Corp. §§ 30, 477, 478. The plaintiff's claim, whether on a final determination it might or might not be found to be valid, was sufficiently substantial to furnish a good consideration for the compromise. *Barlow* v. *Ocean Ins. Co.* 4 Met. 270. *Cobb* v. *Arnold*, 8 Met. 403. *Allis* v. *Billings*, 2 Cush. 19, 25, 26. *Leach* v. *Fobes*, 11 Gray, 506. *Kerr* v. *Lucas*, 1 Allen, 279. *Easton* v. *Easton*, 112 Mass. 438, 443. *Riggs* v. *Hawley*, 116 Mass. 596. *Wilton* v. *Eaton*, 127 Mass. 174, 175. *Union Bank* v. *Geary*, 5 Pet. 99, 114. *Miles* v. *New Zealand Alford Estate Co.* 32 Ch. D. 266, 283, 284, 291, 292, 297, 298. *Ex parte Banner*, 17 Ch. D. 480. *Callisher* v. *Bishchoffsheim*, L. R. 5 Q. B. 449. *Cook* v. *Wright*, 1 B. & S. 559. Met. Con. 177. Pollock, Con. (Wald's ed.) 181, 182, 407. Chit. Con. (11th Am. ed.) 35–41, 46–50.

The case of *Palfrey* v. *Portland, Saco, & Portsmouth Railroad*, 4 Allen, 55, is to be distinguished on the ground that there it was plain that the plaintiff had no real claim to be compromised; and *Wade* v. *Simeon*, 2 C. B. 548, rests on the same ground.

The defendant's further objection, that the plaintiff has given no complete and unreserved acceptance of the defendant's vote cannot prevail. The plaintiff's acceptance was complete and unreserved, but the defendant's prudential committee sought to repudiate the defendant's vote, the effect of which, if successful, would be to leave the plaintiff's original action as it was. The plaintiff has never withdrawn from her agreement to accept the sum voted by the defendant in full satisfaction of all her claims.

*Judgment for the plaintiff affirmed.*