RUSSELL S. BENT *vs.* HENRY E. WESTON & another.

Suffolk.    December 11, 1896. — February 24, 1897.

Present: FIELD, C. J., ALLEN, KNOWLTON, MORTON, & LATHROP, JJ.

*Check voluntarily Given — Consideration — Defence.*

A check must be regarded as having been voluntarily given, and for a sufficient consideration, the only defence to which is, in an action by the holder against the maker, that the holder refused to deliver certain property to the maker, to whom it belonged, unless he would pay the price charged by the holder for keeping it, which price the maker contended was exorbitant and unreasonable.

CONTRACT, to recover the amount of a bank check for $163.30, signed by the defendant Weston and indorsed by the defendant Sherrick, dated March 19, 1895, payable to the order of the Natick National Bank, and by it indorsed to the plaintiff.

At the trial in the Superior Court, before *Mason*, C. J., the plaintiff contended that the check was given in payment of a claim which he held against the defendant Weston, to secure the payment of which he held a lien on certain horses and a dog, which were delivered up on the acceptance of the check.

The defendants set up in their answer, that the "plaintiff claimed to have boarded, stabled, and broken said horses and dog, and charged for such board, stabling, and breaking an exorbitant and unreasonable price, and refused to deliver said animals to said Weston unless the sum so claimed by him was paid, . . . and the said Weston, denying said liability, and under protest, made the check as alleged in the plaintiff's declaration, and obtained from said plaintiff said animals as aforesaid." The answer also set up want of consideration.

The defendants admitted that they signed and delivered the check, and obtained the property mentioned therefor, and that the plaintiff claimed at the time to have a lien thereon, as set forth in his declaration, but denied that he had such lien. The judge ruled that, under the defendants' answer and admission, there remained no legal ground of defence, and directed the jury to return a verdict for the plaintiff for the amount of the check; and the defendants alleged exceptions.

*J. E. Crowley*, for the defendants.

*P. H. Cooney*, for the plaintiff, submitted the case on a brief.

MORTON, J. The sole defence to the check is that the plaintiff refused to deliver the horses and dog to the defendant Weston, to whom they belonged, unless the latter would pay the price which the plaintiff charged for boarding, stabling, and breaking the horses, and for keeping the dog, which Weston claimed was exorbitant and unreasonable. Thereupon the check in suit was given to obtain possession of the animals, Weston denying his liability.

It is not contended that there was any fraud, and there was no duress. Instead of pursuing his rights, the defendant Weston saw fit to pay the price charged, and to take the horses and dog. The giving of the check must be regarded as voluntary on his part, and not as the result of compulsion on the part of the plaintiff. *Silliman* v. *United States*, 101 U. S. 465. There was no want of consideration. All of the facts were known to the defendant. The plaintiff asserted a claim which he denied. By giving the check he effected a settlement of the plaintiff's demand and obtained possession of the animals, and, whether the whole amount which the plaintiff claimed was justly due or not, the defendant received a consideration for his check which he

gave, and must abide by the settlement which he made.  *Cobb* v. *Arnold*, 8 Met. 403.  *Prout* v. *Pittsfield Fire District*, 154 Mass. 450.  *Knibbs* v. *Hall*, 1 Esp. 84.  *Brown* v. *M'Kinally*, 1 Esp. 279.  *Cartwright* v. *Rowley*, 2 Esp. 723.

*Exceptions overruled.*