HOBART K. WHITTAKER *vs.* CITY OF SALEM.

Essex.　　November 5, 1913. — February 26, 1914.

Present: RUGG, C. J., LORING, BRALEY, SHELDON, & DE COURCY, JJ.

*School and School Committee. Municipal Corporations.*

A school committee of a town or city, like the municipality itself, has no power to appropriate money as a gift to a person, and accordingly a vote of a school committee, that the principal of a high school, who has been elected for one year, shall be granted a leave of absence for the school year on account of sickness and for that time shall be paid one half his regular salary, is of no effect.

In holding that a school committee had no power to vote a gratuity to the principal of a school to be paid during a leave of absence granted for the entire year for which he had been elected, the court called attention to the fact that the vote was not for additional compensation for extraordinarily valuable service nor to grant a vacation out of a period of service.

CONTRACT against the city of Salem for one half the plaintiff's regular salary as principal of the high school of that city for a part of the school year 1910–1911 in accordance with a vote

of the school committee which is quoted in the opinion. Writ dated March 1, 1911.

In the Superior Court the case was tried before *Pratt,* J., who refused to rule that upon all the evidence the plaintiff could not recover, and submitted the case to the jury. A verdict was returned for the plaintiff; and the defendant alleged exceptions.

The case was submitted on briefs.

*M. L. Sullivan & J. J. Ronan,* for the defendant.

*A. P. White,* for the plaintiff.

RUGG, C. J. The plaintiff had been principal of the high school of the city of Salem for several years before 1910, being elected annually by successive school committees. During the year 1909 he had worked especially hard and, in addition to his regular duties, had devoted the entire vacation period to the service of the city in installing furnishings and equipment in a new building. The result was that he was ill from overwork. He had been hitherto in good health and his qualifications for teaching made his services when in health of benefit to the school. In June, 1910, he was elected by the school committee principal of the high school for another year, and at the same meeting it was voted that he "be granted a leave of absence for the school year 1910–1911 on account of sickness, and for that time he be paid one half his regular salary." The question is whether this vote was valid.

The power of school committees within the scope of the authority conferred upon them by the statute is extensive. Their right to fix the salaries of teachers is comprehensive. Their duty and responsibility in this direction is a heavy one. *Charlestown* v. *Gardner,* 98 Mass. 587. *Batchelder* v. *Salem,* 4 Cush. 599. In the performance of their functions they have a wide discretion, and to a large degree they are unhampered as to the details of administration and their acts are not subject to review. *Morse* v. *Ashley,* 193 Mass. 294. *Kimball* v. *Salem,* 111 Mass. 87. But they must keep within the broad principles which govern all public boards of officers. They are charged with the expenditure of moneys raised by taxation. They can vote it only for public uses. They have no right to devote it to private purposes. However meritorious the project may appear to be either in its practical or ethical or sentimental aspects, if it is in essence

a gift to an individual rather than a furthering of the public interest, money raised by taxation cannot be appropriated for it. These principles often have been declared respecting a great variety of subjects and cannot be doubted. *Lowell* v. *Boston,* 111 Mass. 454. *Mead* v. *Acton,* 139 Mass. 341. *Opinion of the Justices,* 204 Mass. 607. *Opinion of the Justices,* 211 Mass. 624.

The vote of the school committee in the case at bar did not contemplate the rendering of any service to the city by the plaintiff. He was elected for a term and his salary was fixed for that term, and at the same time it was voted that he be relieved from the performance of any duties during that term in return for the salary to be paid. It was in effect a pure gratuity so far as that year was concerned. This was beyond the power of any board of public officers, or indeed of the city itself by general vote. Municipalities have no power to appropriate money as gratuities to any persons, no matter how strongly public sympathy may be moved in their favor. *Fowler* v. *Danvers,* 8 Allen, 80. *Cooley* v. *Granville,* 10 Cush. 56. *Tash* v. *Adams,* 10 Cush. 252. *Wells* v. *Putnam,* 169 Mass. 226. *Matthews* v. *Westborough,* 131 Mass. 521. *Greenough* v. *Wakefield,* 127 Mass. 275.

The plaintiff's employment was from year to year. Each year stood by itself as to terms of service. The case is different from what it might have been if the plaintiff's tenure had been for an indefinite time or for a period extending beyond the end of 1911. It is to be noted that this vote was not for additional compensation for extraordinarily valuable service, and hence is not within the rule of *Friend* v. *Gilbert,* 108 Mass. 408. The effect of the vote is not to grant a vacation out of a period of service, and hence *Wood* v. *Haverhill,* 174 Mass. 578, does not support the claim of the plaintiff. We feel constrained to say that the act of the school committee upon which the plaintiff relies was beyond their power.

*Exceptions sustained.*