OPINION OF THE JUSTICES TO THE GOVERNOR AND COUNCIL.

It being a matter of general knowledge that Henry D. Coolidge had been clerk of the Senate beginning with 1889 continuously until his death in February, 1922, and that he was justly held in high esteem by reason of public service of exceptional merit and rare efficiency rendered during an unusual period of time, Res. 25 of 1922, providing that there should be allowed and paid from the treasury of the Commonwealth to his widow "the remainder of the salary to which he would have been entitled had he lived and continued to serve until the end of the current year," was constitutional, and the Governor and Council had lawful authority to issue a warrant authorizing such payment.

THE following order was adopted by the Governor and Council on June 28, 1922, and was transmitted to the Justices of the Supreme Judicial Court on July 5, 1922.

WHEREAS, the General Court, at its late session, passed a resolve which was approved under date of April 14th and became Chapter 25 of the Resolves of 1922, and which reads as follows:

"Resolved, that there be allowed and paid from the treasury of the commonwealth to Rose M. Coolidge, widow of the late Henry D. Coolidge, clerk of the Senate, the remainder of the salary to which he would have been entitled had he lived and continued to serve until the end of the current year;"

AND WHEREAS, by reason of an opinion of the Attorney General submitted to the President of the Senate under date of April 17, 1922, a copy of which is herewith submitted, doubt exists as to the constitutional right of the General Court to pass said resolve, and as to the right of the Governor and Council to issue a warrant, as required by law, authorizing payment from the treasury of the commonwealth, in accordance with the provisions of said resolve, therefore be it

ORDERED, that the opinions of the Honorable the Justices of the Supreme Judicial Court be required on the following important questions of law:

1. Is said Chapter 25 of the Resolves of the current year constitutional?
2. Have the Governor and Council lawful authority to issue a warrant authorizing the payment of money from the

treasury of the Commonwealth in accordance with the terms of said resolve?

On July 11, 1922, the Justices returned the following answers:

To His Excellency the Governor and the Honorable Council of the Commonwealth of Massachusetts:

The undersigned Justices of the Supreme Judicial Court respectfully answer as follows the questions in the order adopted on June 28, 1922, copy whereof is hereto annexed:

The questions relate to the constitutionality of c. 25 of the Res. of 1922 and to the right of the Governor and Council to issue a warrant for the payment of the amount therein specified. That chapter is in these words: "Resolved, that there be allowed and paid from the treasury of the commonwealth to Rose M. Coolidge, widow of the late Henry D. Coolidge, clerk of the Senate, the remainder of the salary to which he would have been entitled had he lived and continued to serve until the end of the current year."

It is manifest that the payment authorized by the resolve is a pure gratuity. The validity of legislation of this nature was fully considered in *Opinion of the Justices*, 175 Mass. 599. It there was said, in accordance with principles too well settled to require discussion, that in general the power to pay gratuities to individuals is denied to the General Court by the Constitution. Public money cannot legally be paid for private gain or individual emolument, no matter how specious the pretext. Money raised by taxation can be expended only for strictly public uses. *Lowell* v. *Boston*, 111 Mass. 454. *Mead* v. *Acton*, 139 Mass. 341. *Freeland* v. *Hastings*, 10 Allen, 570. *Kingman* v. *Brockton*, 153 Mass. 255, 259. *Opinion of the Justices*, 204 Mass. 607 and cases there collected. *Loan Association* v. *Topeka*, 20 Wall. 655. *Cole* v. *La Grange*, 113 U. S. 1, and cases there cited. *Whittaker* v. *Salem*, 216 Mass. 483. *Duffy* v. *Treasurer & Receiver General*, 234 Mass. 42, 50. *Boston* v. *Treasurer & Receiver General*, 237 Mass. 403. It also was there stated that, although public money can be expended for public purposes alone, such purpose does not become unlawful merely because money may be paid to private persons without previous claim to it of any kind. It further was pointed out that the power to give gratuities in the form of pensions as

rewards to those who in the past had rendered military or naval service had been exercised since the early days of our government and was not open to doubt. The opinion then proceeds, 175 Mass. 602, 603, in these words: "The power to give rewards after the event for conspicuous public service, if it exists at all, cannot be limited to military service. If a man has deserved greatly of the Commonwealth by civil services, the public advantage of recognizing his merit may stand on ground as strong as that for rewarding a general. We cannot foresee the possibilities of genius or distinguished worth and settle in advance the tariff at which its action shall be paid. It will be plain from what we have said that in our opinion the public welfare alone must be the ground, as it is the only legal justification, for this kind of payment. And it follows that our answer to the first of the two questions before us is that the General Court has the right to appropriate money for the purposes supposed in a case where it fairly can be thought that the public good will be served by the grant of such an unstipulated reward, but that it has not that right where the only public advantage is such as may be incident and collateral to the relief of a private citizen. To a great extent the distinction must be left to the conscience of the Legislature." See also *Opinion of the Justices*, 190 Mass. 611, 615.

Where the public purpose of the appropriation of public money is not clear, a recital of facts and legislative reasons may be necessary in order to show that the purpose is in a true sense public, and not private.

There is no declaration of legislative purpose in said resolve, c. 25. Facts relative to it, however, are matters of general knowledge. Henry D. Coolidge had been clerk of the Senate of the Commonwealth beginning with 1889 continuously until his death in February, 1922. It appears from the journal of the Senate of 1922, pages 396 to 401, by addresses of several senators and by resolutions unanimously adopted, that he was justly held in high esteem by reason of public service of exceptional merit and rare efficiency rendered during an unusual period of time. It may be inferred that these considerations actuated the Legislature in reaching a conclusion that the public good would be promoted by an "unstipulated reward" for his services. In view of these circumstances it cannot, in our opinion, be held that the consti-

tutional bounds set in *Opinion of the Justices*, 175 Mass. 599, and 190 Mass. 611, are overstepped in said c. 25. We are unable to say that the judgment of the General Court as expressed in the resolve was not based upon genuine belief resting upon sufficient foundation that persons of large ability, unblemished character, and lofty aspirations will be induced to enter the service of the Commonwealth in important positions of great trust, that unselfish exertion for the public weal by those hereafter holding office will be stimulated, and loyalty to government and patriotism will be inculcated, by this recognition of the extraordinary nature of the devotion to the general welfare in a responsible post exemplified in the career of Mr. Coolidge as the faithful and masterful clerk of the State Senate. Both questions are answered in the affirmative.

Being absent from the Commonwealth, Mr. Justice Pierce has had no opportunity to consider the questions.

ARTHUR P. RUGG.
HENRY K. BRALEY.
CHARLES A. DE COURCY.
JOHN C. CROSBY.
JAMES B. CARROLL.
CHARLES F. JENNEY.