ELMER H. JAMES & others *vs.* MAYOR OF NEW BEDFORD & others.

Bristol.      October 22, 1945. — January 11, 1946.

Present: FIELD, C.J., LUMMUS, QUA, DOLAN, & WILKINS, JJ.

*Mandamus. School and School Committee. Municipal Corporations,* By-laws and ordinances, Officers and agents, Municipal finance. *Civil Service.*

The fixing of salaries of teachers in the public schools of a city is within the exclusive control of its school committee, and therefore a mandamus proceeding could not be maintained to compel the mayor to submit a budget allowing for increased salaries of school teachers in accordance with an ordinance passed by the city council providing for increases to all city employees.

An ordinance of a city having a plan B charter, passed by the city council over the mayor's veto before submission of the annual budget and fixing salaries and wages of city employees, took effect upon such passage; under G. L. (Ter. Ed.) c. 43, §§ 23, 45, 55, 63, publication thereof was not a condition precedent to its validity.

An ordinance, passed by a city council in January, 1945, before the submission of the 1945 budget by the mayor to the council and increasing the salaries of the city employees for the period from the date of its passage to the end of that year, was, as to employees other than school teachers, valid under G. L. (Ter. Ed.) c. 44, § 33A, as appearing in St. 1943, c. 62, and it was the duty of the mayor to include in the budget "sums sufficient to pay" such increases.

Employees of a city in the civil service had an ample remedy by actions at law against the city to obtain increases in salary provided in a valid salary ordinance passed by the city council, notwithstanding that the budget later submitted by the mayor to the council did not allow for such increases; and the employees therefore could not maintain a mandamus proceeding to compel the mayor to submit a new budget allowing for the increases.

PETITION for a writ of mandamus, filed in the Superior Court on February 28, 1945.

The case was heard by *Williams,* J., on demurrer.

*G. H. Young,* for the petitioners.

*T. M. Quinn,* for the respondent Mayor of New Bedford.

QUA, J.   The primary purpose of this petition is to secure a writ of mandamus directing the mayor to submit to the city council a so called substituted or amended budget providing for increased salaries and wages to all employees of the city for the year 1945 in accordance with an ordinance finally passed by the city council over the mayor's veto on January 11, 1945.   The petitioners appeal from the sustaining of a demurrer.

Further facts alleged in the petition are that the petitioners are employees of the city under the protection of the civil service laws or of G. L. (Ter. Ed.) c. 71, §§ 41, 42, relative to the tenure of school teachers; and that on February 16, 1945, the mayor submitted the annual budget to the city council as required by G. L. (Ter. Ed.) c. 44, § 32, as amended, in which he "purposely and deliberately" omitted to provide for the increase in salaries and wages called for by the ordinance.

It is plain that the demurrer was rightly sustained as to those petitioners who are school teachers.   The fixing of the salaries of school teachers is not within the control of the city council but is exclusively within the control of the school committee.   G. L. (Ter. Ed.) c. 71, §§ 37, 38. *Hayes* v. *Brockton,* 313 Mass. 641, 644.   *O'Brien* v. *Pittsfield,* 316 Mass. 283, 285.   The remainder of this opinion is concerned with the rights of those petitioners who are not school teachers.

Since New Bedford has a "Plan B" charter, the requirements for publication of ordinances are those set forth in G. L. (Ter. Ed.) c. 43, § 23.   See § 45.   See also G. L. (Ter. Ed.) c. 40, § 32, as last amended by St. 1941, c. 520, § 1. Publication is therefore not a condition precedent to validity. *Forbes* v. *Woburn,* 306 Mass. 67, 73–74.   Hence upon the allegations of the petition the ordinance was a valid exercise of legislative power by the city council, and took effect at once upon its passage over the mayor's veto, unless it came into collision in some way with the special provisions of St. 1939, c. 444, § 2, giving the emergency finance board

paramount control for a certain time over expenditures of the city of New Bedford, notwithstanding provisions of general laws. The effect of this statute need not be decided in this case. The ordinance raised salaries and wages from January 11, 1945. It was not retroactive to include the first eleven days of the year during which the employees had worked at the lower rates then in force. The city could not give them a gratuity on account of work already performed. *Mead* v. *Acton,* 139 Mass. 341. *Whittaker* v. *Salem,* 216 Mass. 483. *Jones* v. *Natick,* 267 Mass. 567. *Horrigan* v. *Mayor of Pittsfield,* 298 Mass. 492, 497. *Connor* v. *Haverhill,* 303 Mass. 42, 46. *Bell* v. *Treasurer of Cambridge,* 310 Mass. 484, 491. In *Attorney General* v. *Woburn,* 317 Mass. 465, it did not appear that any part of the "bonus" was to pay at an increased rate for services previously rendered at a lower rate.

General Laws (Ter. Ed.) c. 44, § 33A, as appearing in St. 1943, c. 62, reads as follows: "The annual budget shall include, sums sufficient to pay the salaries of officers and employees fixed by law or by ordinance, but no new position shall be created or increase in rate made by ordinance, vote or appointment during the financial year subsequent to the submission of the annual budget unless provision therefor has been made by means of a supplemental appropriation." The increased salaries and wages had been "fixed by . . . ordinance" previously and not subsequently to the submission of the annual budget. It was therefore the duty of the mayor under § 33A to "include" in the annual budget "sums sufficient to pay" the increased salaries and wages from January 11 to the end of the year. There is nothing to the contrary in any of the provisions of G. L. (Ter. Ed.) c. 44, §§ 32–34, or in *Flood* v. *Hodges,* 231 Mass. 252, or *McHenry* v. *Lawrence,* 295 Mass. 119. The case last mentioned was not one in which the mayor, in violation of § 33A, had refused to include in the budget salaries "fixed by law or by ordinance." It was simply a case in which a department, in violation of § 31, had incurred liability in excess of the appropriation by making a number of additional appointments. So also in *McCarthy*

v. *Malden*, 303 Mass. 563, the plaintiff's salary had not been "fixed by law or by ordinance."

This case is controlled by *Rock* v. *Pittsfield*, 316 Mass. 348, where it was held that an ordinance increasing rates of pay was valid and binding upon the mayor. It is true that in that case the ordinance was passed before the calendar year began in which the increases were to be effective, but no particular significance attaches to this fact, since § 33A makes the submission by the mayor of the annual budget and not the beginning of the calendar year the point of time when the restriction upon increases becomes operative. *Allen* v. *Cambridge*, 316 Mass. 351, 356–357.

The demurrer was rightly sustained as to all petitioners other than school teachers for the reason that, since the rates were validly increased, subject to any possible effect of St. 1939, c. 444, § 2, already referred to, and the city, subject as aforesaid, was under a statutory duty to make an appropriation to meet the increases, these petitioners, if not deprived because of St. 1939, c. 444, § 2, of all means of obtaining the increases, had ample remedy by ordinary actions at law against the city. *Rock* v. *Pittsfield*, 316 Mass. 348, 351. *Barnard* v. *Lynn*, 295 Mass. 144. *Callahan* v. *Woburn*, 306 Mass. 265, 267. *Rappaport* v. *Lawrence*, 308 Mass. 545, 549. Having such remedy they could not maintain a petition for a writ of mandamus. *County Commissioners of Essex* v. *Mayor of Newburyport*, 252 Mass. 407. *Parrotta* v. *Hederson*, 315 Mass. 416, and cases collected.

*Order sustaining demurrer affirmed.*