SAMUEL EISENSTADT *vs.* COUNTY OF SUFFOLK.

Suffolk. May 4, 1954. — July 7, 1954.

Present: QUA, C.J., LUMMUS, SPALDING, WILLIAMS, & COUNIHAN, JJ.

*Judge. Public Officer. Public Employment.*

By the increase in the salary of the justice of the Municipal Court of the Roxbury District effected by St. 1951, c. 762, and by the increase in the salaries of the justices of that court effected by St. 1951, c. 768, the Legislature intended to effect prospective increases in the daily compensation payable under G. L. (Ter. Ed.) c. 218, § 6, as appearing in St. 1947, c. 588, § 1, and as amended by St. 1950, c. 575, to special justices of that court, although they were not mentioned in the 1951 acts. [572]

The right of a special justice of the Municipal Court of the Roxbury District under G. L. (Ter. Ed.) c. 218, § 6, as appearing in St. 1947, c. 588, § 1, and as amended by St. 1950, c. 575, to be paid for each day's services at the rate by the day of the salaries of the justices of that court as fixed by St. 1951, c. 762, effective upon its passage and approved on November 5, 1951, began on November 6, 1951, where it did not appear that the special justice rendered any service on November 5, 1951, after the act was approved. [572]

A special justice of the Municipal Court of the Roxbury District, who under G. L. (Ter. Ed.) c. 218, § 6, as appearing in St. 1947, c. 588, § 1, and as amended by St. 1950, c. 575, was entitled to be paid for each day's services at the rate by the day of the salaries of the justices of that court, was not entitled to be paid additional compensation retroactively for services from September 1, 1951, to November 9, 1951, by reason of the increase in the salaries of such justices provided by St. 1951, c. 768, approved on November 9, 1951, and effective as of September 1, 1951. [574]

CONTRACT. Writ in the Superior Court dated August 5, 1953.

The action was heard by *Morton*, J.

*William H. Kerr*, (*William L. Baxter*, Corporation Counsel, with him,) for the defendant.

*Edward J. Barshak*, (*Samuel Eisenstadt* with him,) for the plaintiff.

WILLIAMS, J. This is an action of contract to recover from the county of Suffolk additional compensation for services rendered by the plaintiff from September 1, 1951, to and including November 9 of the same year as special justice of the Municipal Court of the Roxbury District. It was submitted by the parties as a case stated and the defendant has appealed from a finding for the plaintiff in the amount of $584. This finding is to be treated as an order for judgment. *Union Old Lowell National Bank* v. *Paine*, 318 Mass. 313, 315.

During the period in question the plaintiff was entitled under the provisions of G. L. (Ter. Ed.) c. 218, § 6, as appearing in St. 1947, c. 588, § 1, as amended by St. 1950, c. 575, to "be paid by the county fifteen dollars for each day's services, or at the rate by the day of the salary of the justice of the . . . court, whichever is the greater amount." From September 1, 1951, until November 5, 1951, the salary of the justice of the Municipal Court of the Roxbury District was $6,600. G. L. (Ter. Ed.) c. 218, § 78, as appearing in St. 1948, c. 667, § 3. Based upon this salary the daily rate of compensation for the plaintiff was $21.93 and he has been paid by the county at this rate for the number of days which he served during that period.

By St. 1951, c. 762, which amended §§ 6, 77A, and 78 of c. 218, provision was made for two justices and two special justices in the Municipal Court of the Roxbury District and the salaries of the justices were fixed at $9,000. This act established the salary of the clerk of that court and the salaries of the assistant clerks at stated percentages of the clerk's salary. It was stated that the "justices and clerks shall devote their entire time during ordinary business

hours to their respective duties and shall not, directly or indirectly, engage in the practice of law." No mention was made of special justices. This act was approved at 3:31 P.M. on November 5, and was to take effect "upon its passage." On November 9, 1951, c. 218, § 77A, was further amended by St. 1951, c. 768, § 2, to provide that the salaries of the justices of the Municipal Court of the Roxbury District be $9,900. This act was entitled "An Act increasing the salaries of the justices, clerks and assistant clerks of certain district courts" and provided that it was to take effect as of September 1, 1951. As in the previous statute no mention was made of special justices. The act was approved at 5:20 P.M. on November 9.

The plaintiff contends that by reason of the increases of the salaries of the justices, first to $9,000, and later to $9,900, he is entitled to additional compensation for the days served by him as special justice between September 1 and November 9. According to the provisions of the statute which fixed the rate of compensation of special justices, his daily compensation based on a salary of $9,000 would be $29.90, and based on a salary of $9,900 would be $32.89.

We think that by increasing the salary of the justice and subsequently the salaries of the justices of the court the Legislature intended to effect increases in the daily compensation of the special justice and justices. See Simmons v. County of Suffolk, 230 Mass. 236. The matter remaining to be decided concerns the date or dates when these increases in the compensation of the plaintiff became effective. Statute 1951, c. 762, took effect upon its passage, and upon its approval the plaintiff became entitled to compensation at a rate determined by the justice's salary of $9,000. See Kennedy v. Palmer, 6 Gray, 316; Lawrence v. Commissioners of Public Works, 318 Mass. 520, 525. As it does not appear that the plaintiff rendered any service on November 5 after the act was approved, his right to increased compensation at that rate began on the following day, November 6.

We are of opinion that he was not entitled to the further

increase in compensation from September 1, 1951, to November 9, 1951, which was constructively authorized by St. 1951, c. 768. On November 5 he had no right to be paid more than compensation at the rate which had been established during the period when the services were rendered. Those services have been paid for in accordance with such established rate. There is no suggestion that they were other than those customarily furnished by a learned and conscientious judge or that the compensation was inadequate. Further payment for the same service would be a mere gratuity. It is settled that money raised by taxation can be appropriated and used only for a public purpose. The question of what fairly may be considered a public purpose in cases somewhat resembling this has been the subject of many decisions by this court and opinions submitted by the justices. *Nelson* v. *Milford,* 7 Pick. 18. *Bancroft* v. *Lynnfield,* 18 Pick. 566. *Fowler* v. *Selectmen & Treasurer of Danvers,* 8 Allen, 80. *Lowell* v. *Oliver,* 8 Allen, 247. *Freeland* v. *Hastings,* 10 Allen, 570. *Friend* v. *Gilbert,* 108 Mass. 408. *Mead* v. *Acton,* 139 Mass. 341. *Kingman* v. *Brockton,* 153 Mass. 255. *Whittaker* v. *Salem,* 216 Mass. 483. *Rich* v. *Mayor of Malden,* 252 Mass. 213. *Jones* v. *Natick,* 267 Mass. 567. *Horrigan* v. *Mayor of Pittsfield,* 298 Mass. 492. *Bell* v. *Treasurer of Cambridge,* 310 Mass. 484, 491. *James* v. *Mayor of New Bedford,* 319 Mass. 74, 76. *Opinion of the Justices,* 175 Mass. 599, 600. *Opinion of the Justices,* 186 Mass. 603. *Opinion of the Justices,* 190 Mass. 611. *Opinion of the Justices,* 211 Mass. 608. *Opinion of the Justices,* 240 Mass. 616. It has been said that to a great extent it must be left to "the conscience of the Legislature" to decide whether by paying money to private persons who have no claim to it a public purpose is served. *Opinion of the Justices,* 175 Mass. 599, 603. See *Lowell* v. *Oliver,* 8 Allen, 247, 255. In certain instances where the Legislature has sought to reward outstanding and exceptional public service by the gift of public money, appropriation for such use has been supported on the theory that the expenditure serves a public purpose through the inducement offered to

others to render like or similar service. See *Opinion of the Justices*, 190 Mass. 611; *Opinion of the Justices*, 240 Mass. 616. When no such purpose will be served, the Legislature lacks the power to authorize the appropriation. See *Mead* v. *Acton*, 139 Mass. 341, 344. In *Whittaker* v. *Salem*, 216 Mass. 483, it was held that a school committee could not vote to pay compensation to a school principal who was intending to be absent for the school year because of ill health, and in *James* v. *Mayor of New Bedford*, 319 Mass. 74, 76, it was stated that the city could not grant additional pay as a gratuity to its employees for work already performed. See also *Matthews* v. *Westborough*, 131 Mass. 521, 522. "The power of the Legislature to appropriate money from the treasury of the Commonwealth, for any other than a public purpose, is no greater than its power to authorize a city or town to make a like appropriation." *Opinion of the Justices*, 190 Mass. 611, 613.

Doubtless the Legislature may establish the salary of a public officer as of a date prior to the enactment of the establishing statute. Such salary is a "fixed annual or periodical payment for services, depending upon the time and not upon the amount of services rendered . . . [and is] payable in sickness as well as in health." *Benedict* v. *United States*, 176 U. S. 357, 360. Its payment depends upon the holding of the title to the office rather than upon the amount of labor performed. In the case of an officer receiving pay by the day the "compensation is in the nature of wages, which are payable for services actually rendered." *Cane* v. *Mayor, Etc. of New York*, 34 N. Y. Sup. 675. *Cowdin* v. *Huff*, 10 Ind. 83. See *United States* v. *Shea*, 55 Fed. (2d) 382, 383; *State* v. *Riley*, 45 Del. 192, 196; *In re Sanitary District Attorneys*, 351 Ill. 206, 274; *Spalding* v. *Thornbury*, 128 Ky. 533; *State* v. *Nolte*, 235 Mo. App. 572, 579; *Ness* v. *Fargo*, 64 N. D. 231, 235.

While the Legislature in the present case could fix the salaries of the justices of the court as of September 1, it lacked the right to provide for retroactive payment of compensation for the services of the special justices.

It could not do by indirection what it could not do directly.

It appears that the plaintiff has been paid for his service of November 9 in the amount of $32.89. He is entitled to be paid for his services rendered on November 6, 7, and 8 in the amount of the difference between what he has been paid and what he should have been paid at the rate of $29.90 per day, with interest from December 1, 1951. The finding of the Superior Court is reversed. Judgment is to be entered for the plaintiff in the amount of $23.91 with interest. G. L. (Ter. Ed.) c. 231, § 124.

*So ordered.*